ED ADAMS V. CONSOLIDATED UNDERWRITERS.

No. 7183. Decided February 15, 1939.
Rehearing overruled April 5, 1939.
(124 S. W. 2d Series, 840.)

*E. E. Davis* and *Synnott & Smith*, all of Jasper, for plaintiff in error.

The record including the original petition properly designated the proper defendant, and the misnomer, being only a part of the designation, should not control the designation, but it should be held that the whole record pointed out properly

the defendant, regardless of the name as used. White v. U. S. Fidelity & Guar. Co., 45 S. W. (2d) 756; Finlay v. Merriman, 39 Texas 58; Crawford v. Wilcox, 68 Texas 109.

*Andrews, Kelley, Kurth & Campbell,* and *Daffan Gilmer,* all of Houston, for defendant in error.

Inasmuch as the record conclusively reflects the failure of plaintiff to file this suit against defendant within the time prescribed as jurisdictional by the applicable statute, it was mandatory on the court to recognize the finality of the award of the Industrial Accident Board on. plaintiff's claim and to decline adjudication of same. Federal Surety Co. v. Jetton, 44 S. W. (2d) 923; Mingus v. Wadley, 115 Texas 551, 285 S. W. 1084; Oilmen's Reciprocal Assn. v. Franklin, 116 Texas 59, 286 S. W. 195.

Mr. Justice Critz delivered the opinion of the Court.

This is a workmen's compensation suit. It was tried in the District Court of Newton County, Texas, with Ed Adams as plaintiff and Consolidated Underwriters as defendant. Trial in the district court, with the aid of a jury, resulted in a verdict and judgment for Adams. On appeal to the Beaumont Court of Civil Appeals by Consolidated Underwriters the judgment of the district court was reversed, and the cause remanded to that court with instructions to dismiss the case. The judgment of the Court of Civil Appeals amounts to a rendition of the case for Consolidated Underwriters. Associate Justice Combs dissented from the opinion of the majority, contending that the judgment of the district court should be affirmed. The case is before this Court on writ of error granted on application of Adams. The opinions rendered by the Court of Civil Appeals make a comprehensive and correct statement of the facts and issues of this case. We refer to such opinions for such statement. 97 S. W. (2d) 223. We, however, will make a sufficient statement to constitute this opinion complete within itself.

Ed Adams was injured in the course of his employment as an employee of Kirby Lumber Company, Hon. McDonald Meachum, Receiver. Consolidated Underwriters, a corporation, defendant in error here, was then the employer's compensation insurance carrier. Notice of Adams' injury was duly and seasonably given to Adams' employer and Consolidated Underwriters. Within the time required by law Adams filed

his claim for compensation with the Industrial Accident Board, naming Kirby Lumber Company as his employer, and Consolidated Underwriters as his employer's compensation insurance carrier. In due time the Board acted on Adams' claim, and allowed him compensation against Consolidated Underwriters in a small amount. Adams was dissatisfied with the final award of the Board, and in due time gave the statutory notice that he would not abide by the same, but would file suit in the proper court to set such award aside, and recover compensation. Up to this time all proceedings in this matter were in all respects regular, and in full compliance with our compensation statutes.

The record in this case further shows that after the happening of the above events, Adams filed a suit in the District Court of Newton County, Texas, the purpose of which was to set aside the award of the Industrial Accident Board, and recover compensation for the injury adjudicated thereby. Adams' original petition in this suit substantially recited the facts above detailed, but made an error in the name of the compensation insurance carrier by inserting the word *Casualty* between the words *Consolidated* and *Underwriters*, and thereby named *Consolidated Casualty Underwriters* as defendant instead of *Consolidated Underwriters*, the correct name of the insurance carrier of Adams' employer. This petition named A. D. Robertson, of Beaumont, Texas, as the agent of the defendant upon whom service could be had.

Citation was duly issued on the above-named petition and served on A. D. Robertson as the agent of the defendant sued. A. D. Robertson filed an affidavit stating, in effect, that he was not the agent of *Consolidated Casualty Underwriters*, or in any way connected therewith. After the filing of this affidavit Adams filed an amended petition in which he correctly named the defendant as Consolidated Underwriters, and named the same A. D. Robertson as the agent upon whom service could be had. Citation was issued on this amended petition and served on A. D. Robertson as agent of Consolidated Underwriters.

The original petition in this case was filed within twenty days after the giving by Adams of his notice that he would not abide by the final ruling of the Board, but the amended petition, which for the first time named Consolidated Underwriters as the defendant, was filed more than twenty days after the giving of such notice.

In answer to Adams' amended petition, Consolidated Under-

writers filed its plea in abatement, and subject thereto filed general demurrer and general denial.

By its plea in abatement Consolidated Underwriters contended that the suit against it was not filed until Adams' amended petition was filed.

Adams filed several amended pleadings against Consolidated Underwriters. All of these pleadings, in substance, pleaded the facts we have stated.

From all that has been said it appears that we are called upon to decide whether or not Adams filed a suit against the compensation insurance carrier of his employer, Consolidated Underwriters, within twenty days after he gave notice of his decision not to abide by the final ruling of the Board, as required by Section 5, Article 8307, R. C. S. 1925. Simply stated, it appears that Adams' original petition, wherein Consolidated Casualty Underwriters was named as defendant, was filed within this twenty-day period, but the amended petition, wherein Consolidated Underwriters was named as defendant, was not filed within such period.

We think the following rules will govern the proper decision of the law question just above indicated:

■ (a) When a person intended to be sued is sued and served by a wrong name, and such person fails to appeal and plead such misnomer in abatement, and suffers judgment to be obtained, he is bound by such judgment, and in all future litigation he may be connected with such suit or judgment by proper averments; and when such averments are made and proved, the party intended to be named in the judgment is affected or concluded to the same extent that he would have been if he had been named and served by his true name. 1 Freeman on Judgments, par. 154, p. 279; Abilene Independent Tel. & Tel. Co. v. Williams, 111 Tex. 102, 229 S. W. 847; Tyron v. Butler, 9 Tex. 553; McGhee v. Romatka, 92 Tex. 38, 45 S. W. 552.

(b) The rule of law just above named applies to corporations with the same force that it applies to individuals. When a corporation intended to be sued is sued and served by a wrong corporate name, and such corporation fails to appear and plead such misnomer in abatement, and suffers judgment to be obtained, it is bound by such judgment, and in all future litigation it may be connected with such suit or judgment by proper averments; and when such averments are made and proved the corporation intended to be named in the judgment is affected or concluded to the same extent it would

have been if it had been named and served by its true name. Abilene Independent Tel. & Tel. Co. v. Williams, supra.

(c) It must follow from (a) and (b), supra, that a suit against a corporation by a wrong corporate. name is still a suit against such corporation.

■ When we apply the above rules to the case at bar, we think there is no escape from the conclusion that Adams filed a suit against Consolidated Underwriters, a corporation, by filing his original petition, and this even though he named the defendant as Consolidated Casualty Underwriters in such petition. In this connection, we call attention to the fact that the record in this case shows that Consolidated Underwriters carried the compensation insurance of Adams' employer; that Adams was injured in the course of his employment as an employee of such employer; that notice of Adams' injury was given to his employer and to Consolidated Underwriters; that Adams made his claim before the Board against Consolidated Underwriters; that the Board made its award against Consolidated Underwriters; that Consolidated Underwriters actually paid Adams some compensation before the filing of the suit; and that Consolidated Underwriters was actually served with citation by service thereof upon its agent, A. D. Robertson. Under such a record, it is beyond cavil that Consolidated Underwriters was the corporation sued and served, and the corporation intended to be sued and served within the meaning of Section 5 of Article 8307, supra. Simply stated, we hold that the filing of the original petition against Consolidated Casualty Underwriters, under the facts and circumstances of this record, was the filing of a suit against Consolidated Underwriters within the meaning of Section 5 of Article 8307, R. C. S. 1925.

It is true that in this case Consolidated Underwriters finally filed a plea in abatement, and that after the filing of such plea Adams amended his petition properly naming Consolidated Underwriters as the defendant in this case, but such fact does not alter the rule of law that under the facts and circumstances of this record Adams, in law, had already sued Consolidated Underwriters in the first instance.

We have carefully read the dissenting opinion filed herein by Judge Combs, and in our opinion it correctly states the law as applied to this case.

The judgment of the Court of Civil Appeals is reversed, and that of the district court affirmed.

Opinion delivered February 15, 1939.

Rehearing overruled April 5, 1939.