Horace MARTIN, Petitioner,

v.

The COMMERCIAL STANDARD FIRE AND MARINE INSURANCE COM-
PANY, Respondent.

No. B–4351.

Supreme Court of Texas.

Feb. 20, 1974.

Harkness, Friedman & Kusin, Sherman A. Kusin, Texarkana, for petitioner.

Atchley, Russell, Hutchinson & Waldrop, Victor Hlavinka and Wayne Prescott, Texarkana, for respondent.

PER CURIAM.

The trial court rendered judgment for plaintiff Horace Martin, against Commercial Standard Fire and Marine Insurance Company. The court of civil appeals correctly ruled that the trial court did not acquire jurisdiction over the case because Commercial Standard Fire and Marine Insurance Company was not a party to the proceedings before the Texas Industrial

Accident Board. 501 S.W.2d 430. The concluding sentence of the opinion by the court of civil appeals is, "The judgment of the trial court is reversed and rendered." The sentence is subject to the construction that the court of civil appeals rendered judgment that the plaintiff take nothing. The judgment actually rendered by that court was one which set aside the "proceedings in the trial court."

Upon reversal of a judgment, the court of civil appeals should render the judgment which the court below should have rendered. Rule 434, Texas Rules of Civil Procedure. In this instance, the court of civil appeals correctly reversed the judgment of the court below, but it should have rendered judgment dismissing the cause. Southern Surety Co. v. Arter, 44 S.W.2d 913 (Tex.Comm.App.1932); Federal Surety Co. v. Jetton, 44 S.W.2d 923 (Tex.Comm.App.1932). We accordingly grant the writ of error and without hearing argument modify the judgment of the court of civil appeals and render judgment that the cause be dismissed. Rule 483, T.R.C.P.