**Louis C. GARCIA, Appellant,**

v.

**EMPLOYERS CASUALTY COMPANY, Appellee.**

No. 8532.

Court of Civil Appeals of Texas, Amarillo.

Feb. 10, 1975.

Rehearing Denied March 10, 1975.

**686**

Smith & Smith, Mark Smith Lubbock, for appellant.

Crenshaw, Dupree & Milam, Tom S. Milam and Cecil Kuhne, Lubbock, for appellee.

REYNOLDS, Justice.

Posed is the query whether, in plaintiff's district court suit timely filed to appeal an award by the Industrial Accident Board, the erroneous naming of Texas Employers' Insurance Association as the defendant insurance carrier rather than accurately naming Employers Casualty Company, which would have been the true party defendant to the appeal, is a misnomer that may be corrected by a supplemental petition filed after the time allowed for the appeal has expired. The trial court summarily determined, and correctly so under Texas law, that the principle of misnomer was inapplicable to the existent circumstances, and entered a take-nothing summary judgment against plaintiff and in favor of both insurance carriers. Since plaintiff failed to timely file his suit against the right party defendant, the proper judgment is one of dismisssal for lack of jurisdiction. Reformed and affirmed.

By its order entered February 23, 1973, the Industrial Accident Board awarded plaintiff Louis C. Garcia recovery against Employers Casualty Company, the workmen's compensation insurance carrier for Texas Tech University, a lump sum of $11,189.35, less any compensation paid, for temporary total and permanent partial disability resulting from injuries received by Garcia during the course of his employment by the university. Paraphrasing the dictates of Vernon's Ann.Civ.St. art. 8307, § 5, the award declared: "If you are dissatisfied with this award and desire to appeal it, you must give the Board written notice within 20 days from the date this

award is entered and thereafter file suit in court within 20 days from the receipt of notice by the Board."

On March 8, 1973, Garcia filed notice to appeal the award. Appealing to the district court, plaintiff Garcia filed on March 14, 1973,[1] his original petition to which was attached a copy of the Board's award, but naming as defendant, and seeking compensation for permanent and total disability from, Texas Employers' Insurance Association, hereinafter referred to as T.E.I.A. The petition stated "that service of process may be had upon the defendant by serving Mr. Clay Cotten, Commissioner of Insurance, State Insurance Building, Austin, Texas 78701, the duly authorized agent of defendant for service of process."

Thereafter and prior to the filing of any response by T.E.I.A., Garcia filed on April 12, 1973, an instrument entitled "SUPPLEMENTAL PETITION TO SHOW CORRECT NAME OF DEFENDANT." By this instrument, Garcia submitted the correct name of the true defendant in the cause to be Employers Casualty Company, "a private Texas corporation." It was then alleged that "service may be had upon an officer of the company at 25 Briercroft Officer Park, Lubbock, Texas by serving Mr. Jack Collins at said address."

Although the appellate record does not reveal any citations that may have been issued and served pursuant to the filing of Garcia's petitions, both T.E.I.A. and Employers Casualty Company filed answers in the cause on April 23, 1973. Subsequently, each defendant named filed its motion for summary judgment.

The motion for summary judgment filed by T.E.I.A., accompanied by summary judgment evidence establishing that it was not the workmen's compensation insurance carrier for Texas Tech University on the date Garcia was injured, sought judgment

in its behalf. Employers Casualty Company's motion for summary judgment was predicted on the ground that the district court did not have jurisdiction of the cause alleged against it because plaintiff Garcia had not timely perfected an appeal from the award entered by the Board.

After consideration of the summary judgment record, the trial court gave written notice to the parties that the motions for summary judgment were granted and requested preparation of orders accordingly. However, the judgment prepared for and signed by the trial judge recited that plaintiff Garcia take nothing as against each named insurance carrier and denied all other relief prayed for.

■ Garcia gave "notice of appeal from the judgment and all portions of it;" but, notwithstanding the fact that he did not limit his appeal in the manner provided by Rule 353(c), Texas Rules of Civil Procedure, to that portion of the judgment in favor of Employers Casualty Company, Garcia did not perfect an appeal from that part of the judgment favorable to T.E.I.A. The judgment appealed from is a severable judgment; consequently, the part of the judgment favorable to T.E.I.A. has become final and, particularly since Garcia makes no complaint thereto, it will not be further noticed in this appeal. See Maxey v. Citizens National Bank of Lubbock, 489 S. W.2d 697, 705 (Tex.Civ.App.—Amarillo 1972), rev'd and remanded on other grounds, 507 S.W.2d 722 (Tex.1974).

Article 8307, § 5, is a general statute of limitation, Richards v. Consolidated Underwriters, 411 S.W.2d 436 (Tex.Civ.App.—Beaumont 1967, writ ref'd), and compliance with its provisions is mandatory and jurisdictional. Oilmen's Reciprocal Ass'n v. Franklin, 116 Tex. 59, 286 S.W. 195 (1926). Conceding that Employers Casualty Company was not named as defendant

---

1. Shown in the transcript is the clerk's endorsement that the original petition was "FILED MARCH 14, 1974"; but, since the parties agree in their briefs and oral argu-

ments that the petition was filed on March 14, 1973, the latter date is accepted as the correct date of filing.

until after the expiration of the time statutorily specified for the appeal of his award, Garcia seeks to avoid the sanctions of the statute on two theories.

First, Garcia contends that the mistake in naming T.E.I.A. as the defendant when he obviously intended to sue Employers Casualty Company was a misnomer, rather than a situation of mistaken identity, subject to correction by supplemental petition with relation back to the time the original petition was filed. Adams v. Consolidated Underwriters, 133 Tex. 26, 124 S.W.2d 840 (1939), is cited as authority.

A perusal of *Adams*, referenced to the dissenting opinion expressed in the court of civil appeals at 97 S.W.2d 323, 327 which the Supreme Court declared to correctly state the law as applied to the case, manifests the distinction between misnomer and mistaken identity. A misnomer occurs when the defendant intended to be sued is sued *and served* by a wrong name; whereas, mistaken identity is present when the plaintiff sues and serves the wrong party by the right name.

In *Adams,* the defendant intended to be sued, Consolidated Underwriters, was timely sued and its agent was actually served by the wrong corporate name of Consolidated *Casualty* Underwriters. There was no corporation named Consolidated Casualty Underwriters. After the expiration of the twenty-day period allowed for appeal, an amended petition correctly naming Consolidated Underwriters as the defendant was filed and served on the same agent of the defendant who had been served with the original petition. The record establishing that the defendant intended to be sued was sued and actually served, albeit under the wrong corporate name, the principle of misnomer applied, and the original petition was a timely filing of the suit under the statute. But the facts and circumstances present in *Adams* are not the facts and circumstances presented in the record we review.

Here, despite a remarkable sameness of officers of, and the sharing of the same offices and telephone number in Lubbock by, T.E.I.A. and Employers Casualty Company, the record establishes that the two are separate and distinct workmen's compensation insurance carriers formed at different times under dissimilar names. Indeed, as stated in his brief, Garcia admittedly "at all times recognized the separate identities of the two entities." Consistent therewith, Garcia's pleadings designated entirely different agents for, and as authorized to accept process of service upon, the two carriers. Garcia has not included in the appellate record the citations with the returns thereon showing who was served pursuant to the filing of each petition; but, since each carrier filed a separate answer, it is inferable that each was served with the petition filed against it for, otherwise, the unserved carrier would have had no occasion to respond to the suit. This, in itself, demonstrates that Garcia timely sued and served the wrong defendant by its right name and tardily sued and served the right defendant by its right name. But, moreover, the salient determinate is that, absent the complete summary judgment record viewed by the trial court, it must be presumed that the excluded citations sustain the trial court's finding that Garcia mistakenly identified, and not merely misnamed, the defendant—that is, Garcia sued and actually served T.E.I.A. and did not sue and serve Employers Casualty Company within the time permitted for appeal. See Joiner v. Federal Deposit Insurance Corporation, 488 S.W.2d 953, (Tex.Civ.App.—Amarillo 1972, no writ).

Secondly, Garcia relies on Art. 5539b, V.A.C.S., for authority that his supplemental pleading is not subject to the plea of limitation founded on Art. 8307, § 5, V.A.C.S. Art. 5539b, V.A.C.S., provides that a plea of limitation is unavailing to an amendment or supplement changing any of the facts or grounds of liability or of defense so long as it is not wholly based

upon or growing out a transaction or occurrence distinctly different from that timely pleaded. These provisions relating to causes of action and defenses thereto, when measured against the mandatory and jurisdictional requirements of Art. 8307, § 5, V.A.C.S., do not pertain to the tardy substitution of a new and different party in an appeal from the Board's award. Not only has it been held that the filing of an amended petition to substitute a new and different defendant does not toll a statute of limitation from the date of the suit, Callan v. Bartlett Electric Cooperative, 423 S.W.2d 149 (Tex.Civ.App.— Austin 1968, writ ref'd n.r.e.), but it is clear that the Board's award becomes final as to the parties before the Board who do not become parties to the suit to set aside the award within the statutory time. Latham v. Security Insurance Company of Hartford, 491 S.W. 100 (Tex. 1972).

■ Garcia contends that Employers Casualty Company's failure to file a plea in abatement upon learning that T.E.I.A. had been named defendant in the suit constituted a waiver of the right to complain of the error. The initial difficulty with the contention is that, so far as shown by the record, Employers Casualty Company was unaware of the suit until it was tardily sued and served. Nevertheless, while the propriety of abatement arises in the situation of a misnomer, Adams v. Consolidated Underwriters, supra, a suit filed under mistaken identity of the defendant, as was the case at bar, imposes no duty on the defendant the plaintiff intended to sue but did not make a party to the suit to intervene and point out plaintiff's error, even though the intended defendant may have known of the suit. McDonald v. Miller, 90 Tex. 309, 39 S.W. 89, 95 (1897).

Each of Garcia's points of error has been considered in the disposition made of this appeal. All points are overruled.

■ The district court correctly determined that it did not acquire jurisdiction over Garcia's appeal from the Board's award since his suit was not instituted against Employers Casualty Company, the proper party defendant, within the time limitation prescribed by Art. 8307, § 5, V. A.C.S., for the appeal. However, rather than rendering a take-nothing judgment, the trial court should have rendered judgment dismissing plaintiff Garcia's suit. Martin v. Commercial Standard Fire and Marine Insurance Company, 505 S.W.2d 799 (Tex.1974).

Accordingly, the portion of the judgment of the trial court appealed from is reformed to order, adjudge and decree that the suit of plaintiff Louis C. Garcia against defendant Employers Casualty Company be, and it hereby is, dismissed. As reformed, the judgment is affirmed.