Pedro C. SANCHEZ, Appellant,

v.

AETNA CASUALTY & SURETY
COMPANY, Appellee.

No. 15650.

Court of Civil Appeals of Texas,
San Antonio.

Nov. 3, 1976.

Rehearing Denied Dec. 15, 1976.

Donald J. Walheim, Hardberger, Branton & Herrera, San Antonio, for appellant.

Melvin A. Krenek, Beckmann, Stanard & Olson, San Antonio, for appellee.

BARROW, Chief Justice.

Appellant has perfected his appeal from a take-nothing judgment rendered on a jury verdict in a suit to set aside the final award of the Industrial Accident Board. The sole question presented is whether the trial court acquired jurisdiction over the appeal from the award in that the original petition was filed in the name of "Aetna Life & Casualty," whereas "The Aetna Casualty & Surety Company" was the insurance carrier. The trial court permitted The Aetna Casualty & Surety Company to be substituted as plaintiff and overruled appellant's plea to the jurisdiction.

On May 6, 1974, the Board made its final ruling in Claim No. M–023289–C2, styled *Pedro C. Sanchez, Employee v. R. J. Reynolds Foods, Inc., Employer, and The Aetna Casualty & Surety Company, Insurance Carrier.* On May 13, The Aetna Casualty & Surety Company filed written notice with

the Board that it was not willing to abide by said final ruling and would, within twenty days from the date of such notice, file suit to set aside the final award. On May 31, suit was filed in the 131st Judicial District Court of Bexar County, being Cause No. 74–CI–6094, styled *Aetna Life & Casualty v. Pedro C. Sanchez.* Paragraph II of this petition correctly identified the Board's claim number and referred to The Aetna Casualty & Surety Company. A copy of the Board's award is attached to the petition. On June 10, Sanchez filed his original answer and cross-action seeking compensation for total and permanent incapacity from The Aetna Casualty & Surety Company. This answer was styled: *The Aetna Casualty & Surety Company v. Pedro C. Sanchez.* An answer to the cross-action was filed by The Aetna Casualty & Surety Company. On July 31, Sanchez filed written interrogatories directed to The Aetna Casualty & Surety Company.

Between July 31 and October 1, 1974, Sanchez learned of the mistake in the petition, and on October 1, filed a new suit in the 150th Judicial District Court of Bexar County, being Cause No. 74–CI–11401, styled *Pedro C. Sanchez v. The Aetna Casualty & Surety Company.* By this suit Sanchez sought to mature the May 6, 1974 award of the Industrial Accident Board because the court did not acquire jurisdiction by the suit brought by Aetna Life & Casualty. Sanchez also filed a motion to consolidate the two suits and a plea to the court's jurisdiction. Aetna Life & Casualty, as plaintiff in the original suit, thereafter filed a motion to substitute the name of Aetna Casualty & Surety Company as plaintiff. It was alleged that the secretary for appellee's attorney "inadvertently" typed the name of the parent company, Aetna Life & Casualty, rather than typing the name of the subsidiary company, The Aetna Casualty & Surety Company, which is on the Board award as the insurance carrier. Written interrogatories were again served on appellee by Sanchez. Appellee's replies disclose that these two corporations are separate corporate legal entities with Aetna Life & Casualty, the parent of The Aetna Casualty & Surety Company. Both corporations have the same address and the same Board of Directors. Only The Aetna Casualty & Surety Company issues policies of workmen's compensation insurance and it was the carrier for R. J. Reynolds Foods, Inc. It was admitted that Aetna Life & Casualty filed the suit to set aside the Board's award.

The trial court, in interlocutory proceedings, ordered the two suits consolidated, overruled Sanchez' plea to the jurisdiction as well as his motion for summary judgment for lack of jurisdiction, and permitted The Aetna Casualty & Surety Company to be substituted as party plaintiff. The case was then tried to a jury and a take-nothing judgment entered on the jury's finding that Sanchez did not sustain an embolism in the course of his employment.[1]

█ It is settled that the provisions of our Workmen's Compensation Act, with respect to the successive steps in the progress and maturity of a claim, are mandatory, and the provisions of the Act must be complied with or an action is not maintainable in the courts. *Industrial Accident Board v. Glenn,* 144 Tex. 378, 190 S.W.2d 805 (1945); *Castillo v. Allied Ins. Co.,* 537 S.W.2d 486 (Tex.Civ.App.—Amarillo 1976, writ ref'd n. r. e.). The requirement of Art. 8307, § 5, Tex.Rev.Civ.Stat.Ann., that suit be filed within twenty (20) days after the notice of appeal is given, has been held to constitute a general statute of limitation. *Richards v. Consolidated Underwriters,* 411 S.W.2d 436 (Tex.Civ.App.—Beaumont 1967, writ ref'd).

█ The primary purpose of a statute of limitations is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds. *Continental Southern Lines, Inc. v. Hilland,* 528 S.W.2d 828 (Tex.1975). It was there held that although plaintiff Hilland made a

---

1. No complaint is made on this appeal of the jury verdict or the actual trial proceedings.

mistake and sued Continental Trailways, Inc., in lieu of another corporation, Continental Southern Lines, Inc., it would be a misapplication of the statute of limitations to hold that the claim was barred if it could be shown that the latter was cognizant of the facts, was not misled, or placed at a disadvantage in obtaining relevant evidence to defend the suit.

A similar result was reached in *Price v. Estate of Anderson*, 522 S.W.2d 690 (Tex. 1975), although the plaintiff made a mistake of law and brought suit against the "estate" of a decedent and did not sue the administrator of the estate until after the expiration of the limitation period. In holding that the claim was not barred, the Supreme Court said: "While petitioner made a mistake in her original petition as to the defendant that should have been sued, respondent was at all times fully cognizant of the facts and could not have been misled as to the basis of the suit, nor was he placed at any disadvantage in obtaining relevant evidence to defend the same."

■ In our case, the suit was erroneously brought in the name of the parent company and the error was not discovered or corrected until after the statutory period for filing suit had expired. Nevertheless, it was conclusively established that no one was misled or placed at a disadvantage by this error. The petition is clear that it was brought as an appeal from the final award of the Board in the claim filed by Sanchez for an injury allegedly suffered in the course of his employment with R. J. Reynolds Foods, Inc. The allegations of the petition correctly identify the Board claim and The Aetna Casualty & Surety Company as the insurance carrier. Appellant's own attorney promptly filed answer and cross-action in the correct name of the insurance carrier.

We conclude from this record that the petition filed by Aetna Life & Casualty gave the trial court jurisdiction to determine the claim for compensation filed by appellant. *See also: Transport Ins. Co. v. Jaeger*, 534 S.W.2d 389 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n. r. e.); *Texas Employers Ins. Ass'n. v. Sarver*, 531 S.W.2d 411 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.); *Charter Oak Fire Ins. Co. v. Square*, 526 S.W.2d 635 (Tex.Civ.App.—Waco 1975, writ ref'd n. r. e.).

The judgment of the trial court is affirmed.