Anthony C. CORMIER, Appellant,

v.

TEXAS EMPLOYERS INSURANCE ASSOCIATION et al., Appellees.

No. 8080.

Court of Civil Appeals of Texas, Beaumont.

March 23, 1978.

Rehearing Denied April 13, 1978.

Michael S. Petit, Beaumont, for appellant.

James S. Fuller, Port Arthur, H. P. Wright, Port Neches, for appellees.

DIES, Chief Justice.

This a Workers' Compensation Case wherein plaintiff below, Anthony C. Cormier, sought benefits for injuries sustained while fighting a fire. He was a volunteer fireman for the City of Port Neches.

The award of the Industrial Accident Board was issued on February 9, 1976. On February 25, plaintiff filed his original petition to set aside the award, alleging that Texas Employers' Insurance Association (TEIA) covered the City of Port Neches' employees with a policy of Workers' Compensation Insurance. TEIA filed its unsworn denial on March 17, 1976.

On June 7, 1976, plaintiff by amended petition joined the City of Port Neches as a defendant, alleging alternatively that City was a self-insurer. On July 25, 1977, City by sworn pleading denied coverage by TEIA and stated that it (City) was a self-insurer under the Texas Municipal League.

On August 31, 1977, after a jury trial favorable to plaintiff, the trial court granted judgment non obstante veredicto for the City and the TEIA, from which plaintiff brings this appeal.

To sustain a judgment non obstante veredicto there must be no evidence to sustain the jury's finding, and we consider all the testimony in the light most favorable to the party against whom the judgment was given. *Douglass v. Panama, Inc.,* 504 S.W.2d 776 (Tex.1974); *Eastep v. Jack-in-the-Box, Inc.,* 546 S.W.2d 116 (Tex.Civ. App.—Houston [14th Dist.] 1977, writ ref'd n. r. e.).

As to the City of Port Neches, plaintiff did not comply with *Tex.Rev.Civ.Stat.Ann. art. 8307 § 5* (Supp.1978) requiring that notice of intention to appeal from the Board's award must be given within twenty (20) days of the date of the award, and that suit must be filed in a court of competent jurisdiction within twenty (20) days after the date of the notice of intention to appeal. Compliance with this statutory requirement is mandatory and jurisdictional. *Richards v. Consolidated Underwriters,* 411 S.W.2d 436 (Tex.Civ.App.—Beaumont 1967, writ ref'd); *Garcia v. Employers Casualty Co.,* 519 S.W.2d 685 (Tex.Civ.App.—Amarillo 1975, writ ref'd n. r. e.).

Plaintiff urges that *Continental Southern Lines, Inc. v. Hilland,* 528 S.W.2d 828 (Tex. 1975); *Price v. Estate of Anderson,* 522 S.W.2d 690 (Tex.1975); and *Sanchez v. Aetna Casualty & Surety Co.,* 543 S.W.2d 888 (Tex.Civ.App.—San Antonio 1976, writ ref'd n. r. e.), control in our situation and

relieve him from the time limits set forth in the statute.

In *Continental Southern Lines, Inc.,* supra, plaintiff was injured while departing from a bus. Both the bus and the bus station were marked with the identification "Continental Trailways." Plaintiff sued "Continental Trailways," a corporation existing for advertising purposes. "Continental Trailways" was a trade name used by many separate bus companies.

The bus plaintiff alighted from was owned by Continental Southern Lines, Inc., which was brought into the lawsuit over two years after the incident occurred. The evidence showed the original suit papers were forwarded by the agent for service of Continental Trailways, Inc., to the proper defendant (Continental Southern Lines, Inc.) and that the initial accident report by the bus driver was made to the proper defendant.

The court said, " . . . it is apparent that they [the bus companies] have made a conscious effort to make it appear to the public and to their customers that they are 'Continental Trailways.' " (at 830)

The court then remanded the case for a new trial [citing *Scott v. Liebman,* 404 S.W.2d 288 (Tex.1966)] so plaintiff could have the opportunity " . . . to prove that the Continental Southern Lines, Inc., was cognizant of the facts, was not misled, or placed at a disadvantage in obtaining relevant evidence to defend the suit." (at 831) The court did not overrule *Stokes v. Beaumont, Sour Lake & Western Ry.,* 161 Tex. 240, 339 S.W.2d 877 (1960), holding that the institution of a suit against one corporation will not interrupt the running of the limitation period as to a different corporation or entity.

In *Price v. Estate of Anderson,* supra, defendant named in the original petition was "The Estate of Welton Terry Anderson." After limitation had run, the temporary administrator (who had been served) raised the issue that he was the necessary and proper party defendant. The court failed to apply the two-year statute of limitation saying, "The original petition in the present case was filed within the period of limitation, and citation was served promptly on respondent, the person who should have been named as defendant. The purpose of the suit and the nature of the claim asserted were clear from the outset, and respondent answered for the 'estate' and participated in all proceedings affecting the case." (at 692)

In *Sanchez v. Aetna Casualty & Surety Company,* supra, a Workers' Compensation case, the proceedings before the Board referred to the carrier as "Aetna Casualty & Surety Company." In a suit to set aside the Board's award, plaintiff was named as "Aetna Life and Casualty Company" (parent company of Aetna Casualty & Surety Co.). The court refused to disallow the appeal on the basis of the twenty-day rule as required by *Tex.Rev.Civ.Stat.Ann. art. 8307 § 5* (Supp.1978).

We believe these cases are distinguishable from the case at bar. In each of them the true party knew that a lawsuit had been filed. We have no evidence here that the City knew anything about the award of the Board being appealed until it was made a party to the suit some five months later. TEIA and the City have no connection, such as we find in *Continental Southern, Price,* or *Sanchez.* There is no reason not to apply the Rule in *Stokes v. Beaumont, Sour Lake & Western Ry.,* supra, and the plain directive of *Tex.Rev.Civ.Stat.Ann. art. 8307 § 5* (Supp.1978).

As to TEIA, plaintiff argues that its failure to file a verified denial of coverage as required by *Tex.R.Civ.P. 93(n)(6)* failed to put coverage in issue and presumed it to be true. Denial under this section of the Rule can be an amended pleading if the same be filed not less than seven days before the case proceeds to trial.

This requirement of verification is intended to result in a wholesome deterrence with respect to replies that are normally unfounded. See Stayton, "The Scope and Function of Pleading Under the New Federal and Texas Rules: A Comparison," *20 Texas L.Rev. 16* (1941) (partly reported in Vol. 1, Vernon's Texas Rules Ann. at 486).

It is true, as plaintiff argues, that at no time did TEIA file a verified answer denying coverage.

However, long before seven days prior to the trial TEIA filed a motion for summary judgment to which was attached two affidavits. One was by the City Manager of Port Neches which denied coverage by TEIA and explained it was a self-insurer. The other affidavit was by TEIA's District Claims Manager which also denied any coverage of the employees of the City of Port Neches. And the City on July 25, 1977, did file a verified denial of coverage of its employees by TEIA.

So, certainly when this case proceeded to trial, plaintiff was well aware of the true facts concerning coverage.

In its letter of transmittal of the Rules to the Supreme Court by the Advisory Committee, the committee wrote:

"Undoubtedly the vast majority of the trial and intermediate appellate judges of Texas anticipate the opportunity to interpret a new set of rules liberally to expedite the disposition of business and to decrease the number of technical reversals." (The entire letter is reported in Vol. 1 Vernon's Texas Rules Ann. at XXXIX; this sentence is found on XLII.)

Rule 1 requires a liberal construction of the Rules. To follow plaintiff's argument would be to place form over substance, method over function, and give plaintiff a vested right in a procedural error. We decline to do this.

All of plaintiff's (appellant's) points of error are overruled, and the judgment of the trial court is affirmed.

AFFIRMED.

CLAYTON, J., not participating.