Charlie L. Hoedebeck, Francis & Petroff, Dallas, for appellants.

Michael W. Minton, Decker, Jones, McMackin, McClane, Hall & Bates, Fort Worth, for appellee.

Before WEAVER, C.J., and FARRIS and LATTIMORE, JJ.

**Carolyn ROBERTS and Marty Neal Roberts, Individually and as Personal Representatives of the Estate of Grady Neal Roberts, deceased, Appellants,**

v.

**TARRANT COUNTY JUNIOR COLLEGE, Appellee.**

No. 2–92–113–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 8, 1992.

Rehearing Overruled Jan. 12, 1993.

OPINION

WEAVER, Chief Justice.

Carolyn Roberts and Marty Neal Roberts, individually and as personal representatives of the estate of Grady Neal Roberts, deceased, appeal from an order dismissing their worker's compensation lawsuit for lack of subject matter jurisdiction.

We affirm.

Appellants raise two points of error. The first point of error argues that the trial court acquired jurisdiction when appellants filed their original petition because the original petition gave the defendant

fair notice of appellants intention to appeal an Industrial Accident Board ("IAB") award. The second point of error argues that the trial court acquired jurisdiction because the appellants demonstrated their intent to prosecute the lawsuit.

Appellants brought this lawsuit to appeal an IAB award issued pursuant to the death of Grady Neal Roberts ("Roberts"), who was employed by Tarrant County Junior College ("TCJC") at the time of his death. Appellants' Original Petition named Texas Employers Insurance Company ("TEIA") as the defendant. TEIA moved to have the lawsuit dismissed because TCJC was self-insured at the time of Roberts alleged injury; therefore, TEIA claimed that it was not a proper party to the lawsuit since it was not TCJC's worker's compensation carrier during the relevant time period. Appellants then filed their First Amended Original Petition naming "TCJC (self-insured) in care of TEIA Servicing Contractor" as the defendant; however, appellants' First Amended Original Petition was not filed within the twenty-day statute of limitations in which parties may appeal an IAB award. The trial court dismissed appellants' lawsuit on the basis that it lacked subject matter jurisdiction.

The sole issue before this court is whether the appellants timely perfected their appeal from the IAB award so that the trial court had subject matter jurisdiction to hear the lawsuit. Appellants' first point of error asserts that appellants' Original Petition provided TCJC with fair notice of appellants' intention to appeal the IAB decision, and thus conferred subject matter jurisdiction on the trial court.

At the relevant time, the worker's compensation statute provided a twenty-day time period in which to appeal an IAB award. TEX.REV.CIV.STAT.ANN. art. 8307, § 5 (Vernon 1967) (repealed January 1, 1991). The twenty-day period was mandatory and jurisdictional such that failure to file within the statutory period left the trial court without subject matter jurisdiction. *Standard Fire Ins. Co. v. LaCoke*, 585 S.W.2d 678, 680 (Tex.1979); *Clawson v. TEIA*, 475 S.W.2d 735, 737–38 (Tex.1972).

The parties before us rely on two lines of cases. One holds that misnaming the plaintiff does not result in a failure to file within the twenty day statute of limitations. *Ealey v. Insurance Co. of North America*, 660 S.W.2d 50, 52 (Tex.1983); *Sanchez v. Aetna Cas. & Sur. Co.*, 543 S.W.2d 888, 890 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.); *Charter Oak Fire Ins. Co. v. Square*, 526 S.W.2d 635, 637 (Tex.Civ.App.—Waco 1975, writ ref'd n.r.e.). The other holds that misnaming the defendant results in waiver of any appeal of the IAB award if the proper defendant is not sued within the twenty day time period. *Latham v. Security Ins. Co. of Hartford*, 491 S.W.2d 100, 105 (Tex.1972); *Garcia v. Employer Casualty Co.*, 519 S.W.2d 685, 688 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.).

Appellants rely on the *Ealey* decision to support their argument that the line of cases prohibiting the appeal of an IAB award after suing the wrong defendant has been impliedly overruled. We disagree. The *Ealey* majority did not discuss that line of cases even though two concurring opinions and one dissenting opinion did. Following the majority's decision, we read *Ealey* as differentiating between the consequences of bringing suit as the wrong plaintiff or against the wrong defendant when appealing an IAB award. *Ealey*, 660 S.W.2d at 52–53.

The *Ealey* Court held that bringing suit in the name of the parent company instead of its wholly owned subsidiary tolled the twenty day statute of limitations because the defendant was not mislead or placed at a disadvantage by the error. *Id.* at 53. The *Ealey* Court reasoned that the original petition naming the wrong plaintiff, when considered in its entirety, gave the defendant fair notice of the appeal. *Id.* at 52–53. Similarly, appellants argue that their original petition gave TCJC fair notice of the appeal because the text of the petition asserted that Roberts was an employee of TCJC at the time he contracted the disease which led to his death. Appellants also argue that TCJC had fair notice of the appeal because TEIA investigated the underlying worker's compensation claim on

TCJC's behalf, correspondence between TEIA and TCJC referenced the matter as "Grady Roberts v. TCJC," and the same law firm represented TEIA and TCJC. Despite any relationship between TEIA and TCJC, TCJC was under no obligation to remedy appellant's pleading error. *Garcia*, 519 S.W.2d at 689. Instead, TCJC was entitled to stand on the board award until it was made party to a lawsuit appealing the award. *Latham*, 491 S.W.2d at 105. Appellants' first point of error is overruled.

Appellants' second point of error asserts that the trial court erred in dismissing the lawsuit for lack of subject matter jurisdiction because appellants demonstrated their intent to prosecute the lawsuit. At the time relevant to this lawsuit, Texas Revised Civil Statutes Annotated article 8307 § 5 provided that "[i]f any party to such final ruling and decision of the Board, [after having given notice of intent not to abide by the board award] fails within ... twenty (20) days to *institute and prosecute* a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto." TEX.REV.CIV. STAT.ANN. art. 8307, § 5 (Vernon 1967) (repealed January 1, 1991) (emphasis added).

Texas courts have interpreted this provision as requiring a party appealing from the ruling of the Industrial Accident Board to file his petition in the proper court with a bona fide intent that the citation shall issue and be served at once upon the defendant. *Ocean Accident & Guaranty Corp. v. May*, 15 S.W.2d 594, 597 (Tex.1929); *Williams v. Texas Employers' Ins. Assoc.*, 653 S.W.2d 377, 378 (Tex.App.—Fort Worth 1983, writ ref'd n.r.e.); *Wilborn v. Texas Emp. Ins. Assoc.*, 558 S.W.2d 65, 67 (Tex. Civ.App.—Amarillo 1977, writ ref'd n.r.e.).

Appellants filed suit against the wrong party, TEIA, within the twenty-day statute of limitations and promptly served TEIA with citation after the filing of Plaintiffs' Original Petition. Conversely, appellants did not file suit against the proper party, TCJC, within the twenty-day period. Furthermore, appellants did not serve TCJC with citation for almost one year after the filing of Plaintiffs' First Amended Original

Petition. Nevertheless, appellants urge us to consider "additional facts" in ascertaining their intent to prosecute the lawsuit. *Herrera v. Texas Employers' Ins. Assoc.*, 653 S.W.2d 359, 361 (Tex.App.—San Antonio 1983, no writ).

 Appellants claim that the trial court obtained subject matter jurisdiction because appellants served TCJC's attorney with a copy of Plaintiffs' First Amended Original Petition near the time the pleading was filed, even though the amended petition was not filed within the twenty-day window and TCJC was not served with citation for approximately one year thereafter. While this additional fact may demonstrate appellants' intention to prosecute their lawsuit against TCJC, such intention was not conveyed to TCJC until well after the mandatory twenty-day statutory period, and we do not find that it overcomes appellants' failure to timely file suit against TCJC. Appellants' second point of error is overruled.

The judgment of the trial court is affirmed.