Charles JOHNSON, Appellant,

v.

UNITED PARCEL SERVICE, Appellee.

No. 05-98-01425-CV.

Court of Appeals of Texas, Dallas.

Jan. 25, 2001.

William T. Hughey, Dallas, for Appellant.

Dale Farris Crowder, Law Office of Dale F. Crowder, Irving, for Appellee.

Before Justices WRIGHT, O'NEILL, and ROSENBERG.[1]

## OPINION

Opinion By Justice BARBARA ROSENBERG (Assigned).

Charles Johnson appeals the trial court's granting of a plea to the jurisdiction asserted by United Parcel Service (UPS). In a single point of error, Johnson asserts that it was error to dismiss his workers' compensation appeal because he filed suit against his employer instead of the employer's insurance carrier. We conclude that Johnson named the wrong defendant and could not amend for jurisdictional purposes. We affirm.

Johnson, an employee of UPS, sought benefits under the Texas Workers' Compensation Act for a work-related injury. TEX.LAB.CODE ANN. §§ 401.001–506.001 (Vernon 1996 & Supp.2001). Johnson followed the administrative procedure in making his claim. As required, a determination was made by the contested case hearing officer. *See id.* §§ 410.151–.169. The hearing officer's first finding was that Johnson was not intoxicated at the time of his injury, making the injury compensable. His second finding was that Johnson's inability to obtain and retain employment at wages equivalent to his pre-injury wages was due to "something other than" the compensable injury. Johnson appealed the second finding to the appeals panel of the Texas Workers' Compensation Commission. *See id.* §§ 410.201–.209. The appeals panel upheld the hearing officer's finding.

1. The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

Johnson filed suit on February 7, 1997, in the 95th Judicial District Court of Dallas County, Texas, pursuant to the commission notice. *See id.* §§ 410.251–.257. Johnson named UPS, his employer, as the defendant. UPS filed an amended answer containing a plea to the jurisdiction claiming Johnson had filed against the wrong defendant. UPS alleged that UPS's insurance carrier, Liberty Mutual Fire Insurance Company, was the proper defendant.

After a hearing, the trial court granted UPS's plea and dismissed Johnson's suit. Johnson appeals.

■ In a single point of error, Johnson contends the trial court erred in dismissing his case for lack of jurisdiction. Johnson argues that, under the current workers' compensation act, a plaintiff can name an employer as a party in an appeal of a workers' compensation award to the district court. He argues alternatively that the mistake is such that it could be corrected by amending the pleadings. UPS responds that, as an employer, it is not a proper party to this suit because the employer is not a party to the commission decision being appealed, and it is the carrier that is obligated to pay an award under the current law as well as the previous workers' compensation statutes. UPS contends that the trial court properly dismissed the suit because Johnson's filing against UPS was a mistake of parties.

Under section 410.252(a) of the Texas Labor Code, "[a] *party* may seek judicial review by filing suit not later than the 40th day after the date on which the decision of the appeals panel was filed with the division." Tex.Lab.Code Ann. § 410.252(a) (Vernon 1996) (emphasis added). The code does not define who are the parties to

the appeal. Nevertheless, the parties to the commission's decision were Johnson and Liberty Mutual Fire Insurance Company. Those are the parties that could have appealed the decision. Further, the labor code provides that the insurance carrier, not the employer, is liable for compensation for an employee's injury. *Id.* § 406.031(a). Accordingly, the employee and the insurance carrier are the only parties with an interest in the outcome of any further litigation.

Under the predecessor provision in the previous workers' compensation law, former article 8307, section 5 of the revised civil statutes, an appeal was provided for "[a]ny *interested party* who is not willing and does not consent to abide by the final ruling and decision of said Board [the Industrial Accident Board, the commission's predecessor]...." Act approved Mar. 28, 1917, 35th Leg., R.S., ch. 103, Pt. II, § 5, 1917 Tex.Gen.Laws 269, 283, *amended by* Act approved May 26, 1931, 42d Leg., R.S., ch. 224, § 1, 1931 Tex.Gen.Laws 378, 378 (former Tex.Rev.Civ.Stat.Ann. art. 8307, § 5 (Vernon 1967)) (emphasis added) (repealed 1989) (current version at Tex.Lab. Code Ann. § 410. 252 (Vernon 1996)).[2] The "interested party" language was interpreted to limit the parties to the appeal to the injured employee and the insurance carrier. *See Transp. Ins. Co. v. Jaeger*, 534 S.W.2d 389, 391 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.); *City of Austin v. Powell*, 321 S.W.2d 924, 930 (Tex.Civ.App.—Austin 1959, writ ref'd n.r.e.).

Johnson argues that there is a difference between the use of the terms "interested party" in the previous statute and "party" in the current statute that would

---

**2.** Former article 8307, section 5 of the revised civil statutes derived from the Workmen's Compensation Law enacted in 1917. Act approved Mar. 28, 1917, 35th Leg., R.S., ch. 103, Pt. II, § 5, 1917 Tex.Gen.Laws 269, 283 (amended 1931). The change in the language from "interested party" in article 8307, section 5 to the current "party" occurred in 1989 when the legislature enacted the Texas Work-

ers' Compensation Act, repealing article 8307 and replacing it with former article 8308–6.61(a)-(c) of the revised civil statutes. Act of Dec. 12, 1989, 71st Leg., 2d C.S., ch. 1, § 6.61, 1989 Tex.Gen.Laws 1, 60, *repealed by* Act of April 1, 1993, 73d Leg., R.S., ch. 269, § 410.252, 1993 Tex.Gen.Laws 987, 1209 (current version at Tex.Lab.Code Ann. § 410.252 (Vernon 1996)).

allow an employer defendant. We can see no distinction between a "party" to the commission's decision under the current act and an "interested party" to the board's decision under the former statute. Therefore, the employer under the current workers' compensation act would not be the proper party to the appeal of a commission ruling.

■■■ Thus, Johnson has timely sued the wrong defendant. When the plaintiff has made a mistake in the identity of the defendant, the statute of limitations continues to run until the plaintiff files an amended petition to join the proper party in a new lawsuit. *Enserch Corp. v. Parker*, 794 S.W.2d 2, 5 (Tex.1990); *Boyattia v. Hinojosa*, 18 S.W.3d 729, 732–33 (Tex. App.—Dallas 2000, pet. denied). Likewise, under the workers' compensation act there is a time limit for filing the appeal to the district court that would continue to run until the proper parties are joined. *See Garcia v.. Employers Cas. Co.*, 519 S.W.2d 685, 689 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.). The forty-day filing deadline requirement of section 410.252(a) is mandatory and jurisdictional. *Morales v. Employers Cas. Co.*, 897 S.W.2d 866, 868 (Tex.App.—San Antonio 1995, writ denied) (op. on reh'g) (finding no reason to distinguish statutory twenty-day filing requirement under former article 8307, section 5 that was mandatory and jurisdictional and current forty-day requirement under section 410.252(a)) (citing *Dallas Indep. Sch. Dist. v. Porter*, 709 S.W.2d 642, 643 (Tex. 1986) (per curiam) (under article 8307, section 5, "once an appeal is timely made to a court of competent jurisdiction from an award of the Industrial Accident Board, the court acquires jurisdiction of the subject matter in controversy by operation of law")); *see* Act approved May 26, 1931, 42d Leg., R.S., ch. 224, § 1, 1931 Tex.Gen. Laws 378, 378 (former TEX.REV.CIV.STAT. ANN. art 8307, § 5 (Vernon 1967) (repealed 1989)) (providing for twenty-day period to bring suit after notice to board). When an employee does not institute suit against the insurance carrier, the proper party defendant, within the time limitation for appeal, a court should render judgment dismissing the employee's suit. *Martin v. Commercial Standard Fire & Marine Ins. Co.*, 505 S.W.2d 799, 799–800 (Tex.1974) (per curiam); *Roberts v. Tarrant County Junior Coll.*, 842 S.W.2d 835, 836–37 (Tex. App.—Fort Worth 1992, writ denied); *Garcia*, 519 S.W.2d at 689.

Johnson filed suit within the forty-day period for appealing the commission decision, but the hearing on the plea to jurisdiction was after the deadline expired. Because the period for appealing the decision had run, Johnson could not amend to sue the carrier and maintain the jurisdiction of the district court. Accordingly, we affirm the dismissal of this cause by the trial court.