NUMBER 13-99-820-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________


MARGARET BASS , Appellant,

v.




TEXAS ASSOCIATION OF SCHOOL BOARDS AND FLOUR BLUFF 

INDEPENDENT SCHOOL DISTRICT , Appellees.

__________________________________________________________________


On appeal from the 28th District Court

of Nueces County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Dorsey, Castillo, and Kennedy (1)

Opinion by Justice Dorsey


This case involves a single issue. That is, "When a party appealing a decision by the workers' compensation board files suit
within the statutory time period but does not name and serve the correct defendant within that time period, can the statute
of limitations be tolled by the doctrine of misidentification?" We hold that it can, disagreeing with the holdings of Johnson
v. United Parcel Service, 36 S.W.3d 918, (Tex. App.--Dallas 2001, pet. denied), Roberts v. Tarrant County Junior
College, 842 S.W.2d 835, 836-37 (Tex. App.--Fort Worth 1992, writ denied) and Garcia v. Employers Cas. Co., 519
S.W.2d 685, 688 (Tex. Civ. App.--Amarillo 1975, writ ref'd n.r.e.). We hold that, when the appealing party misidentifies
the defendant in a workers' compensation appeal under Texas Labor Code section 410.252, the 40-day statute of limitations
may be tolled if the appealing party establishes that the proper defendant was cognizant of the facts of the lawsuit and was
not misled or placed at a disadvantage by the appealing party's pleading error. Accord Ealey v. Insurance Co. of North
America, 660 S.W.2d 50, 52-53 (Tex. 1983); cf. Continental Southern Lines, Inc. v. Hilland, 528 S.W.2d 828, 831 (Tex.
1975). Accordingly, we reverse the summary judgment granted in favor of Flour Bluff Independent School District.

Facts

Margaret Bass was injured while employed by Flour Bluff I.S.D. She sought to appeal a decision regarding compensation
for that injury that was made by the workers' compensation commission. After exhausting her administrative remedies,
Bass attempted to appeal the commission's decision by filing suit in district court pursuant to section 410.252 of the Texas
Labor Code. See Tex. Lab. Code Ann. § 410.252 (Vernon 1996). That section provides that a party may seek judicial
review by filing suit in the appropriate court not later than the 40th day after the date on which the decision of the appeals
panel was filed. On November 14, 1997, Bass filed suit in the district court appealing the appeals panel decision filed on
October 6, 1997. While Bass's suit was filed within the 40-day window, it was filed against the Texas Association of
School Boards (TASB) instead of the proper defendant, Flour Bluff I.S.D. Bass did not file an amended petition naming
Flour Bluff I.S.D. as a defendant until well over a year after filing her original petition.

Texas Association of School Boards is an entity that administers certain matters for Flour Bluff I.S.D., including the
workers' compensation claims of its employees. TASB and Flour Bluff I.S.D. are represented by the same attorney. Flour
Bluff I.S.D. is self-insured. Thus, the statute requiring that the carrier be named as a party to an appeal requires that Flour
Bluff I.S.D. itself be named a party to the appeal, in its capacity as its own carrier. See Tex. Lab. Code Ann. § 406.031(a)
(Vernon 1996); Johnson, 36 S.W.3d at 920 (both noting that the carrier, not the employer, is liable to the employee for
injuries). TASB was not the carrier for Flour Bluff I.S.D.

After the suit had been pending for approximately a year and a half, TASB and Flour Bluff I.S.D. filed a joint motion for
summary judgment alleging that Bass's failure to sue the proper defendant within the statutory period rendered the court
without jurisdiction over her suit. The trial court granted the motion and entered a final judgment that Bass take nothing
against either defendant. This appeal ensued.

Standard of Review

TASB and Flour Bluff I.S.D.'s motion for summary judgment was a traditional motion for summary judgment, filed under
Tex. R. Civ. P. 166(a)(c). In a traditional summary judgment proceeding, the standard of review on appeal is whether the
movant at the trial level carried the burden of showing that no genuine issue of material fact existed and that judgment
should be granted as a matter of law. Tex. R. Civ. P. 166a(c); Nixon v. Mr. Property Management Co., Inc., 690 S.W.2d
546, 548 (Tex. 1985). The question on appeal is whether the summary judgment proof establishes, as a matter of law, that
there is no genuine issue of material fact as to one or more elements of the nonmovant's cause or claim. Gibbs v. General
Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970). In resolving the issue of whether the movant has carried this burden, all
evidence favorable to the non-movant must be taken as true and all reasonable inferences, including any doubts, must be
resolved in the non-movant's favor. Nixon, 690 S.W.2d at 548-49. If a summary judgment order does not specify the
ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced
are meritorious. State Farm Fire and Casualty Co. v. S.S ., 858 S.W.2d 374, 380 (Tex. 1993).

Analysis

While Flour Bluff I.S.D. and TASB made several different arguments in their motion for summary judgment, they sought
summary judgment on essentially one ground per entity. First, TASB sought summary judgment on the ground that it was
the incorrect party, and thus, the court had no jurisdiction to entertain this suit against it. We agree, and affirm the
summary judgment granted in favor of TASB. See Ealey, 660 S.W.2d at 51-53 (noting that the proper party to a workers'
compensation appeal is the insurance carrier, not the employer); Commercial Standard Fire & Marine Ins. Co. v. Martin,
501 S.W.2d 430 (Tex. Civ. App.--Texarkana 1973) judgment modified, 505 S.W.2d 799 (Tex. 1974) (same).

Next, Flour Bluff argued that Bass's failure to file suit naming it, rather than TASB, as the defendant, deprived the district
court of jurisdiction over this matter. We disagree. Rather, we hold that when the plaintiff in a section 410.252 appeal fails
to sue the proper defendant within the statutory period, the statute of limitations may be tolled if the doctrine of
misidentification bars the proper defendant from asserting the statute of limitations defense. See Tex. Lab. Code Ann. §
410.252 (Vernon 1996).

Two lines of judicial reasoning guide our decision in this case. The first comes from Ealey v. Insurance Company of North
America, 660 S.W.2d 50 (Tex. 1983). In Ealey, an insurance carrier desired to appeal the decision of the workers'
compensation appeals panel. Id. at 51. However, the district court petition was filed in the name of the parent company of
the carrier rather than the carrier itself. Id. The trial court, noting that the statute conferring jurisdiction required suit to be
brought by the carrier, dismissed on grounds that its jurisdiction was not invoked because the wrong plaintiff was
named.Id. The Texas Supreme Court held that because the erroneous naming of the plaintiff did not mislead the defendant
or place her at a disadvantage due to the fact that it "was clear from the petition and the prior proceedings that [the carrier]
was the only carrier who could appeal, and was appealing, the Board's decision," the filing of the original petition tolled the
running of the limitation period. Id. at 53.

The reasoning in Ealey should apply in this case as well. Even though Ealey involved a misnamed plaintiff and this case
involves a misnamed defendant, the principles remain the same. The court in Ealey affirmed that failure to comply with the
time limitation for filing workers' compensation appeals deprives the district court of jurisdiction over the suit. Id. at 52.
However, it noted that the time limitation is a "general statute of limitations," and applied a common law tolling doctrine to
it. Id. The Ealey Court said that whether the claim was asserted by the timely-filed (but erroneously designated) petition
"must be determined in light of the purpose behind statutes of limitations." Id. The Court noted that:

The primary purpose of a statue of limitations is to compel the exercise of a right within a reasonable time so that the
opposite party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds.

Id. (quoting Continental Southern Lines, 528 S.W.2d at 831). Further,

A timely-filed petition fulfills this purpose and, accordingly, preserves a party's appeal from a Board decision when it gives
fair notice of that appeal to the opposing party. In resolving the question of fair notice, we must consider the petition in its
entirety and construe it as favorably as possible for . . . the appealing party.

Id. (emphasis added).

Thus, we glean from Ealey three important principles. First, the statutory time limit for filing workers' compensation
appeals should be treated as a general statute of limitations and tolling doctrines may be applied to it. Second, when a
petition is filed timely, but incorrectly names one of the parties, the question regarding whether the statute of limitations
should be tolled is whether the petition gives "fair notice of the appeal to the opposing party." Id. Finally, in resolving that
question, we should "consider the petition in its entirety and construe it as favorably as possible for the . . . appealing
party." Id. If those principles are applied in this case, a fact issue arises as to whether Flour Bluff I.S.D. received fair
notice of Bass's appeal. (2)

Another line of cases guides us in answering the question of whether the statute of limitations may be tolled in this case.
Generally, when a defendant who was incorrectly identified in a lawsuit prior to the running of the statute of limitations
asserts the statute of limitations as a defense to the lawsuit, the statute may be tolled if the plaintiff can show that the
defendant "was cognizant of the facts, was not misled, or placed at a disadvantage in obtaining relevant evidence to defend
the suit." Continental Southern Lines, 528 S.W.2d at 831; see also Dougherty v. Gifford, 826 S.W.2d 668, 677 (Tex.
App.--Texarkana 1992, no writ) (refusing to apply statute of limitations when doctor's association was not sued in its true
capacity as a professional corporation, finding that doctor was not misled or prejudiced). In such cases, the "diligence of the
plaintiff in preventing the running of limitations is not the issue; rather, the issue is whether the legitimate purpose of the
limitations statute would be served by its application under circumstances where no party is misled or placed at a
disadvantage by the error in pleading." Enserch Corp. v. Parker, 794 S.W.2d 2, 5 (Tex. 1990). The question of whether the
incorrectly named defendant was prejudiced by the plaintiff's pleading error is predominately one of fact. Cf. Enserch, 794
S.W.2d at 6. Relevant issues are whether the appropriate defendant was placed at a disadvantage in obtaining relevant
evidence to defend the action by the plaintiff's pleading error, whether a business relationship existed between the two
defendants, whether the defendant was fully cognizant of the facts underlying the suit, and whether the defendant could
have been misled as to the basis of the suit. Id.

Applying that analysis to this case, we hold that the trial court improperly granted summary judgment in favor of Flour
Bluff I.S.D. because a fact issue exists regarding whether Flour Bluff I.S.D. was prejudiced by Bass's pleading error. We
REVERSE the summary judgment and remand to the trial court for further proceedings consistent with this opinion.

______________________________

J. BONNER DORSEY,

Justice



Publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 6th day of September, 2001. 

1. Senior Justice Noah Kennedy assigned to this court by the Chief Justice of the Supreme Court of Texas pursuant to Tex.
Gov't Code Ann. § 74.003 (Vernon 1998).

2. Two concurring Justices in Ealey pointed out that they believed the majority's holding effectively overruled Garcia v.
Employers' Cas. Co., 519 S.W.2d 685 (Tex. Civ. App.--Amarillo 1975, writ ref'd n.r.e.). In Garcia, the Amarillo Court of
Appeals held that suing the wrong defendant in a workers' compensation appeal deprives the court of jurisdiction without
regard to whether the correct defendant might have had "fair notice" of the suit. Garcia, 519 S.W.2d at 688-89; see Ealey,
660 S.W.2d at 53-54 (Ray, J., concurring); Ealey, 660 S.W.2d at 54 (Robertson, J. concurring). In Justice Robertson's
concurrence, he announced the new rule that, "the running of the statute of limitations is to be tolled for the complainant
who inadvertently files a petition misnaming the insurance carrier as well as a compensation carrier who misnames
itself."Id. at 54. We agree with the concurring justices. But cf. Johnson, 36 S.W.3d at 920-21; Roberts, 842 S.W.2d
836-37 (both failing to apply equitable tolling doctrine to the statute of limitations defense in workers' compensation
appeals cases).