Texas ASSOCIATION OF SCHOOL
BOARDS, INC., Petitioner,

v.

Margaret BASS, Respondent.

No. 01–1105.

Supreme Court of Texas.

July 3, 2002.

Sandra Sterba–Boatwright, Meredith Donnell & Abernethy, Corpus Christi, for Petitioner.

Randy Mack, Law Office of Randy Mack, Corpus Christi, for Respondent.

PER CURIAM.

Margaret Bass worked for Flour Bluff Independent School District. Bass sued the Texas Association of School Boards (TASB) to appeal a Texas Workers' Compensation Commission administrative deci-

sion that denied her benefits after she slipped and fell at work. TASB answered that it was not a proper party to the lawsuit, because it was only the workers' compensation plan's third-party administrator. Bass amended her petition to include a claim against her employer, Flour Bluff.

TASB and Flour Bluff jointly moved for summary judgment. TASB argued it was not a proper party to the suit, and Flour Bluff argued that Bass' failure to sue the proper defendant within the statutory time period for filing workers' compensation appeals deprived the court of jurisdiction over her suit. In one order, the trial court granted summary judgment for TASB and Flour Bluff and rendered judgment that Bass take nothing.

The court of appeals affirmed the summary judgment for TASB. 55 S.W.3d 735, 738. And the court of appeals reversed the summary judgment for Flour Bluff. 55 S.W.3d at 739–40. Yet, the last sentence of its opinion states: "We REVERSE the summary judgment and remand to the trial court for further proceedings consistent with this opinion." 55 S.W.3d at 740. Furthermore, the court of appeals' judgment states: "[I]t is the opinion of the Court that there was some error in the judgment of the court below, and said judgment is hereby reversed and remanded." The court of appeals' judgment also states: "If this Judgment does not conform to the opinion handed down by the Court in this cause, any party may file a Motion for Correction of Judgment with the Clerk of this Court."

TASB moved for rehearing in the court of appeals and requested that the court reform its judgment and the last sentence of its opinion to reflect that the court of appeals affirmed summary judgment for TASB. The court of appeals denied this motion.

TASB filed a petition for review to this Court. TASB requests this Court to direct the court of appeals to correct its judgment and the last sentence in its opinion to reflect that it affirmed the trial court's judgment for TASB, reversed the trial court's judgment for Flour Bluff, and remanded only the claims against Flour Bluff to the trial court. Bass does not dispute that TASB should no longer be a party in the suit.

Here, we agree with TASB that the court of appeals' final disposition of the case reversing the trial court's summary judgment for TASB does not conform to its analysis affirming summary judgment for TASB. *See* TEX.R.APP. P. 47.1. Accordingly, we reverse the court of appeals' judgment to the extent that it remanded the claims against TASB to the trial court, and we remand those claims to the court of appeals with instructions to resolve the conflict between the court of appeals' reasoning and its judgment reversing the trial court's summary judgment in its entirety. *See* TEX.R.APP. P. 59.1, 60.2(d).