**WISCONSIN CHAIR CO. v. I. G. ELY CO.**

No. 13325.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 28, 1936.

Read, Forsythe & Kepke, of Dallas, for appellant.

Ungerman & Ungerman and Sherman M. Kaplan, all of Dallas, for appellee.

BROWN, Justice.

The appellant, the Wisconsin Chair Company, a corporation dealing in certain merchandise, has been selling its merchandise to appellees, Isadore G. Ely and Ben Ely, who composed the partnership firm known as the I. G. Ely Company, for a number of years. The record discloses that these goods were sold to appellees as coming from the New York Recording Laboratories, and appellees were so billed by invoices, showing that they so purchased the goods, wares, and merchandise. Being in arrears on certain of these goods, shipped on open account, on November 21, 1932, an original petition was filed in the county court at law No. 1 of Dallas county, the plaintiff's name being alleged as the New York Recording Laboratories, a corporation, and an itemized statement showing such account was made an exhibit to the petition. Citations were immediately issued, and Ben Ely was served on November 23, 1932, but Isadore G. Ely was shown to be absent and was not served.

On December 19, 1932, an alias citation was issued, and was served on Isadore G. Ely on December 27, 1932.

On January 2, 1933, Ben Ely filed a plea in abatement, under oath, alleging that the named plaintiff had no corporate existence, and on February 28, 1933, I. G. Ely filed a similar plea in abatement. Both defendants answered to the merits.

On June 6, 1933, leave of the court being had, a first-amended original petition was filed in lieu of the original petition, and the amended pleading, designating the Wisconsin Chair Company, a corporation, as the plaintiff, complains of the same defendants and states the same cause of action asserted in the original petition, and attached to such amended pleading is the identical bill of particulars, as an exhibit thereto, as was attached to the original petition.

On March 6, 1935, the defendants filed a so-called plea in abatement, the second paragraph of which invokes the statute of limitation of two years. On the same date, the Elys filed an amended answer, denying the justness and correctness of the account, and, in addition thereto, pleaded in bar of the right of plaintiff's recovery, the statute of limitations. On the same date, with leave of the court, the plaintiff filed a trial amendment, alleging that it is one and the same as the New York Recording Laboratories, and that the New York Recording Laboratories is a trade-name, used by the plaintiff, and alleging that the claim and cause of action sued upon in the amended pleading is the identical cause of action pleaded in the original petition, and that the plaintiff inadvertently designated itself by its trade-name rather than by its corporate name, and further alleged that the corporate plaintiff has, at all times, been the owner of the cause of action sued on.

On March 7, 1935, the case was tried to the court and judgment was rendered denying plaintiff the right of recovery. From this judgment the appeal is taken.

The trial court filed findings of fact and conclusions of law, in which all the facts above recited were specifically found by the trial court, and, in addition thereto, the court found that the New York Recording Laboratories is not and was not at any time a corporation, a partnership, or an individual. And further found that the account sued upon was just, due, owing, and unpaid except for the defense of limitation, and that at all times the claim and account was owned by appellant, and the amount due thereon is $793.83, with 6 per cent. interest from January 1, 1932, and the trial court concluded, as a matter of law, that the debt was barred by limitation, and that the filing of the suit by plaintiff under its trade-name did not have the effect of tolling the statute of limitations.

We are unable to agree with the conclusions reached by the trial court. It is apparent that the appellees have been dealing with the appellant under the trade-name, the New York Recording Laboratories, over a period of years. It is evident that, if appellees had not, by their pleas in the trial court, raised the question of the right of the designated plaintiff to recover a judgment against them, such a judgment, when once obtained, would have been good and collectable.

The purpose of the statutes of limitation is to prevent the assertion of stale demands, and to effect such purpose they are wholesome and should be applied. We find many cases in which defendants are sued in such a manner that the improper designation of their names will not serve to toll the statutes of limitations, but under our broad and equitable system, it is held that where such a defendant makes his appearance, a subsequent amendment, correctly naming the defendant, relates back to the institution of the suit and tolls the statute. Grand Lodge A. O. U. W. of Texas v. Bollman, 22 Tex. Civ.App. 106, 53 S.W. 829, writ refused; Weatherford, M. W. & N. W. R. Co. v. Crutcher (Tex.Civ.App.) 141 S.W. 137; 28 Tex.Jur., par. 109, p. 202.

If a defendant, who has been sued under the wrong name, makes his appearance for any purpose best known to him, and such appearance serves to toll the statutes of limitations, as applied to an amended petition, suing him in his correct name, how can it be justly said that, where a defendant is sued in his proper name by a plaintiff, whose name is incorrectly designated, and such defendant makes his appearance for the purpose of contesting the right of the misnamed plaintiff to recover against him, he may be heard to say that he can plead the statutes of limitations against the amended petition which substitutes the properly named plaintiff?

In the case before us, we feel that we are correct in holding that the plaintiff named in the original petition was the nominal plaintiff and was suing, to all intents and purposes, for the use and benefit of the real plaintiff. The defendants in the trial court, having objected to being sued by the nominal plaintiff, are in no position to complain because the real plaintiff was substituted in the cause of action, and they cannot be heard to say that the debt they honestly owed is barred. 28 Tex.Jur. par. 111, p. 205.

One of the outstanding cases most frequently cited on the question of limita-, tions is that of Phœnix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S.W. 707, 709. The learned Mr. Justice Brown, who delivered that opinion, gives the test of identity of causes of action as follows: "(1) Would a recovery had upon the original bar a recovery under the amended petition? (2) Would the same evidence support both of the pleadings? (3) Is the measure of damages the same in each case? (4) Are the allegations of each subject to the same defenses?"

The appellees bought goods from and traded with what was known to them as the New York Recording Laboratories. It is absolutely certain that if a judgment had been recovered on the original petition, it would be a bar to a recovery under the amended petition. It is equally certain that the evidence to support both pleadings would be practically identical; the only difference being that possibly under the amended pleading it would be necessary to show that the substituted plaintiff was one and the same as the original plaintiff, and that the original plaintiff was the substituted plaintiff's trade-name. The measure of damages under each petition is identical. The allegations in each petition are subject to the same defenses.

The judgment of the trial court is reversed, and judgment is here rendered for appellant against appellees in the sum of $793.83 with 6 per cent. interest from January 1, 1932, and for all costs of suit.