**COMMERCIAL STANDARD FIRE & MARINE INSURANCE COMPANY, Appellant,**

v.

**Horace MARTIN, Appellee.**

**No. 8143.**

Court of Civil Appeals of Texas, Texarkana.

Oct. 23, 1973.

Rehearing Denied Nov. 20, 1973.

Victor Hlavinka, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

Sherman Kusin, Harkness, Friedman & Kusin, Texarkana, for appellee.

RAY, Justice.

This is a workmen's compensation case. Suit was instituted by appellee Horace Martin (plaintiff) against appellant Commercial Standard Fire and Marine Insurance Company and against the Commercial Standard Insurance Company (defendants). The cause was tried to a jury and judgment entered for appellee Martin upon the jury's verdict. Appellant Commercial Standard Fire and Marine Insurance Company has appealed to this court and submits six points of error for our consideration.

While appellee was working for United Ammunition Container Company at Atlanta, Texas, his head and shoulder were caught between the side of a truck and a roll of paper which fell from a fork lift. On the following day, appellee completely lost his vision. The jury found that appellee was totally and permanently disabled.

Appellant contends that the trial court was without jurisdiction to enter judgment against it because it was not a party to any of the proceedings before the Texas Industrial Accident Board. We agree.

■ A review of the record shows that all proceedings before the Industrial Accident Board involved Commercial Standard Insurance Company and not the Commercial Standard *Fire and Marine* Insurance Company. An examination of Plaintiff's Exhibit No. 1 shows that the employer's first report of injury listed Commercial Standard Insurance Company as the insurance carrier. Further, the employer's wage statement lists the same company and the award of the Board lists the insurance carrier as Commercial Standard Insurance Company. When suit was originally filed in the trial court, only Commercial Standard Insurance Company was named as a defendant. Later, in plaintiff's second amended original petition, both Commercial Standard Insurance Company and Commercial Standard Fire and Marine Insurance Company were named as defendants. In answer to plaintiff's second amended original petition, appellant denied under oath that a claim for compensation was filed against it with the Industrial Accident Board. For the District Court to acquire jurisdiction, appellee Martin had to show that the Industrial Accident Board had entered a final award relative to a claim for compensation against Commercial Standard Fire and Marine Insurance Company. Since Commercial Standard Fire and Marine Insurance Company was not a party to the proceeding before the Industrial Accident Board and no award was made against it in favor of appellee, the trial court did not acquire jurisdiction

of the case against appellants. See Solomon v. Massachusetts Bonding and Insurance Co., 347 S.W.2d 17, 19 (Tex.Civ.App. San Antonio 1961, writ ref'd) and Southern Surety Co. v. Arter, 44 S.W.2d 913 (Tex.Comm.App.1932); affirming, Arter v. Southern Surety Co., 29 S.W.2d 847 (Tex.Civ.App. Texarkana 1930).

Appellant's first point of error is sustained. Points of error 2 through 6 are not reached.

Since the District Court acquired no jurisdiction of this case, the Court of Civil Appeals acquires none on appeal except to declare the invalidity of the proceedings in the trial court and to set them aside. The judgment of the trial court is reversed and rendered.