CHARTER OAK FIRE INSURANCE COMPANY a/k/a Travelers Insurance Company, Appellant,

v.

Dorothy Jean SQUARE, Appellee.

No. 5434.

Court of Civil Appeals of Texas, Waco.

July 17, 1975.

Rehearing Denied Aug. 7, 1975.

Vial, Hamilton, Koch, Tubb, Knox & Stradley, C. L. Mike Schmidt, Jr., Travis E. Vanderpool, Chas. H. Smith, Dallas, for appellant.

Yarborough, Hinds & Shahan, Don B. Hinds, Dallas, for appellee.

OPINION

JAMES, Justice.

This is an appeal from an order sustaining a Plea in Abatement for want of jurisdiction. We reverse and remand.

This is a workmen's compensation case in which an insurance carrier has filed an original action to set aside an award of the Industrial Accident Board. This action was filed in the District Court of Ellis County, Texas, and styled, "*Charter Oak Fire Insurance Co. a/k/a Travelers Insurance Co. v. Dorothy Jean Square.*" Subsequent to the filing of the Plaintiff's Original Petition, the Defendant Dorothy Jean Square filed her sworn "Plea in Abatement" alleging that the suit was not filed by the party

against which the Industrial Accident Board's award was entered and seeking that the court dismiss this action. That is to say, the Plea in Abatement asserted that Travelers Insurance Company was the insurance carrier against which the claimant filed her claim, and against whom the award of the Industrial Accident Board was made, and was the carrier which filed notice of appeal from said award. Further, that Charter Oak never was a party before the Industrial Accident Board proceedings and therefore had no standing to maintain this suit in the District Court to set aside the award of the Industrial Accident Board; that Charter Oak and Travelers are two separate and distinct corporations. The trial court sustained the Plea in Abatement and dismissed the cause for want of jurisdiction, from which Appellant Travelers Insurance Co. appeals.

The Defendant-Appellee Dorothy Jean Square filed her claim before the Industrial Accident Board under the Workmen's Compensation Act for injuries allegedly sustained on or about March 20, 1973, in Ellis County, Texas; said claim before the Industrial Accident Board was numbered L–0436750 N3 and styled, "Dorothy Jean Square, employee, v. Haggar Co., a corporation, employer, and the Travelers Insurance Co., insurance carrier." The Industrial Accident Board made and entered its award on August 28, 1974; Travelers Insurance Co. on September 4, 1974, gave notice that it would not consent to abide by said award and of its intent to bring suit to set aside said award; within twenty days of said Board's final award, this suit was filed to set aside said award and styled *"Charter Oak Fire Insurance Co. a/k/a Travelers Insurance Co. v. Dorothy Jean Square."*

After the Defendant-Appellee Square filed her Plea in Abatement hereinabove referred to, the "Plaintiff's First Amended Original Petition" was filed on December 20, 1974, which deleted all reference to Charter Oak Fire Insurance Co. In this amended pleading Travelers Insurance Co. was shown as the plaintiff without any mention of Charter Oak; otherwise the allegations were substantially the same as in the Original Petition.

Appellant's first two points complain of the trial court's dismissal of the cause for want of jurisdiction because it says Travelers timely filed its suit to set aside the award and is named as plaintiff therein. We sustain these points and reverse the trial court's order of dismissal and remand the cause for trial on the merits.

The specific question which we are obliged to answer in determination of this matter is this: In Plaintiff's Original Petition, who was the "real party plaintiff" or the "intended plaintiff."? If the Plaintiff was in truth and in fact Traveler Insurance Co., then the trial court had jurisdiction over the cause, and therefore erred in entering its order of dismissal. If on the other hand the "real plaintiff" was not Travelers, but Charter Oak, then the trial court's action was proper.

■ The courts will consider a petition in its entirety, will construe it as favorably as possible for the pleader, and will look to the pleader's intendment, in order to determine the nature and purpose of the plaintiff's suit. *Gulf, Colorado and Santa Fe Railway Co. v. Bliss* (Tex.Sup.Ct.1963) 368 S.W.2d 594, 599; *Adams v. Adams* (Tex.Civ.App., Waco CA 1948) 214 S.W.2d 856, 858, error refused NRE. There can be no doubt that the purpose of this suit as set forth in the Original Petition is the appeal of a specific workmen's compensation award in favor of the Defendant-Appellee Mrs. Square against Travelers Insurance Co.

■ When we consider the four corners of Plaintiff's Original Petition, we see that its allegations refer to a specifically numbered and styled cause before the Industrial Accident Board in which Dorothy Jean Square is the employee and claimant, and Travelers Insurance Co. is the insurance carrier; that an award was made upon Mrs. Square's claim in said cause; that within twenty days after the rendition of

the award Travelers gave notice in writing to the Board that it would not consent to abide by the award and that it would within twenty days after the date of filing of such notice, bring suit in a court of competent jurisdiction to set aside the award. Then we see that Plaintiff's Original Petition was filed within the twenty-day period (after notice was filed before the Board as above referred to) in the name of "Charter Oak Fire Insurance Co. a/k/a Travelers Insurance Co." as Plaintiff.

Charter Oak never was shown to have been a party before the Industrial Accident Board in this matter, nor did it appear in any way until Plaintiff's Original Petition was filed. The record before us does not show why Charter Oak was named in the petition; however, by holding that Travelers is the real plaintiff, then the petition constitutes a logical sequence to all the proceedings which have theretofore taken place before the Industrial Accident Board. We therefore hold that Travelers Insurance Co. was in truth and in fact the Plaintiff in the Original Petition; and since such petition was timely filed, the trial court had jurisdiction of the cause.

It is the settled rule in this State that the mere misnaming of a plaintiff in an original petition does not prevent the tolling of a statute of limitations by the filing; and that this misnomer is properly correctible by an amended petition, even after the running of the time prescribed in the statute. *Womack Machine Supply Co. of Houston v. Fannin Bank* (Tex.Sup.Ct.1974) 504 S.W.2d 827; *San Antonio and A. P. Ry. Co. v. D. M. Picton & Co.* (Tex.Civ.App., San Antonio CA 1938) 111 S.W.2d 842, 844, writ refused; *Wisconsin Chair Co. v. I. G. Ely Co.* (Tex. Civ.App., Fort Worth CA 1936) 91 S.W.2d 913, 914, no writ history. Applying the reasoning of the foregoing authorities to the case at bar, we hold that when the Original Petition was filed herein (which was done within the twenty days prescribed by Section 5, Article 8307, Vernon's Texas Civil Statutes), the potential jurisdiction of the trial court to hear the appeal de novo of

the compensation award was invoked. This being so, the order of dismissal entered by the trial court was error.

Accordingly, we reverse the trial court's order of dismissal and remand the cause for trial on the merits.

Reversed and remanded.