TRANSPORT INSURANCE
COMPANY, Appellant,

v.

Bernhardt L. JAEGER, Appellee.

No. 16636.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Feb. 19, 1976.

Rehearing Denied April 1, 1976.

Robert C. Floyd, Houston, for appellant; Butler, Binion, Rice, Cook & Knapp, Houston, of counsel.

Stephen Perel, Houston, for appellee.

PEDEN, Justice.

This is a workmen's compensation suit to set aside the award of the Industrial Accident Board. The only issue is whether the trial court erred in dismissing it for want of jurisdiction because the insurance carrier filed it only in the name of the employer, not in its own name, within the twenty-day limit imposed by Section 5 of Article 8307, Vernon's Texas Civil Statutes. We affirm.

On May 15, 1975, the Industrial Accident Board had awarded the claimant-appellee, Bernhardt L. Jaeger, a recovery against Transport Insurance Company, the workmen's compensation carrier for Merchants Fast Motor Lines, Inc. On May 27, 1975, the carrier gave the Board notice of its intention to appeal from the award. Two days later this suit was filed. The original petition was styled: *"Merchants Fast Motor Lines, Inc. vs. Bernhardt L. Jaeger."* On June 25, 1975, the claimant filed a motion to dismiss this case for want of jurisdiction, and on June 27, 1975, the carrier filed a pleading entitled "Plaintiff's First Amended Original Petition", styling it: *"Merchants Fast Motor Lines, Inc., and Transport Insurance Company vs. Bernhardt L. Jaeger."*

Transport Insurance Company contends that although it was, by mistake, not named in the original petition, it is obvious from the four corners of that pleading that Transport did, in fact, file it and that the omission of its name amounted to a misnomer, not a matter of mistaken identity.

The original petition contained these allegations:

"Comes now Merchants Fast Motor Lines, Plaintiff, and files this suit complaining of Bernhardt L. Jaeger, Defendant . . .

"1. The Plaintiff is a corporation doing business legally in the State of Texas . . .

"2. . . . It has become necessary to bring this suit because the Defendant filed a claim for Workmen's Compensation benefits against Transport Insurance Company. In such claim the Defendant alleges he was working as an employee of Merchants Fast Motor . . .

"This suit is filed to appeal from the Award of the Industrial Accident Board . . . made on May 15, 1975, in Board No. P 1628 H1 (see attached Exhibit 'A'). The Plaintiff gave notice of appeal from the Award of the Industrial Accident Board . . .

"3. Transport Insurance Company is the Workmen's Compensation insurance carrier for the employees of Merchants Fast Motor Lines, Inc. . . .

"4. Plaintiff would urge that Transport Insurance Company paid Defendant the total sum of $1,260.00 in Workmen's Compensation benefits and requests the

Honorable Court to give Plaintiff proper credit for same. Further, Plaintiff says Transport Insurance Company has paid the sum of $2,861.50 in behalf of Defendant to relieve and/or cure the effects of Defendant's alleged injury and in this regard Plaintiff urges through the above stated payments Transport Insurance Company has discharged its duty to Defendant.

"WHEREFORE, Premises Considered, MERCHANTS FAST MOTOR LINES, INC., Plaintiff, prays that the Defendant be cited to appear and answer herein; that upon final hearing Plaintiff have judgment that Defendant take nothing of the Plaintiff, and that the Award of the Industrial Accident Board in No. P 1628 H1 be set aside and *hand* for naught, and that the Plaintiff be discharged with its costs of Court, and that Plaintiff be awarded such further relief to which it may be entitled."

Article 8307, Sec. 5, provides in part:

". . . Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision . . . If the final order of the Board is against the Association, then the Association and not the employer shall bring suit to set aside said final ruling and decision of the Board, if it so desires, . . . If any party to such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty (20) days to institute and prosecute a suit to set the same .aside, then said final ruling and decision shall be binding upon all parties thereto . . . ."

█ Remedies under the Workmen's Compensation Act are purely statutory;

each step toward maturity of a compensation claim is a mandatory requirement necessary to invoke the jurisdiction of each statutory agency or court. The filing of suit to set aside the award of the Board within 20 days after notice of appeal is a jurisdictional requirement. *Brown v. McMillan Material Co.,* 108 S.W.2d 914 (Tex.Civ.App.1937, writ ref.); *Richards v. Consolidated Underwriters,* 411 S.W.2d 436 (Tex.Civ.App.1967, .writ ref.).

█ The employer in a workmen's compensation case is not a party to the Board's adjudication and may not be a party to the suit to set it aside. *Mike Hooks, Inc. v. Pena,* 313 F.2d 696 (5th Cir. 1963) and Texas cases cited therein. The original pleading was not filed by an "interested party" and the interested party, the insurance carrier, did not become a party plaintiff until after the twenty day limitation period had passed. The statute provides that any interested party who has given notice that he will not abide by the Board's award shall within twenty days thereafter bring suit to set aside the award.

"This implies that suit shall be brought by the party having the cause of action and that a suit brought by one person will not suspend the running of the statute as to a suit subsequently brought by another person for the same cause of action, there being no privity between them." 37 Tex.Jur.2d 268, Limitation of Actions, § 112.

There was no privity between Transport and Merchants.

The carrier relies on *Charter Oak Fire Ins. Co. v. Square,* 526 S.W.2d 635 (Tex.Civ. App.1975, writ ref. n. r. e.). In that case, Travelers Insurance Co. was the compensation carrier, had participated in the Board's proceedings, and had properly filed its notice of intention not to abide by the Board's award but had incorrectly styled its pleadings: "*Charter Oak Fire Insurance Co. a/k/a Travelers Insurance Co. v. Square.*"

The appellate court held that the trial court erred in dismissing the suit for want of jurisdiction, stating:

"It is the settled rule in this State that the mere misnaming of a plaintiff in an original petition does not prevent the tolling of a statute of limitations by the filing; and that this misnomer is properly correctible by an amended petition even after the running of the time prescribed by the statute."

That case may be distinguished on the facts from the case at bar. The plaintiff in that case was named in the caption and was an interested party under the statute. The court's principal task in that case was to determine from the original petition which of the two insurance carriers named in the caption was "the real party plaintiff" or the "intended plaintiff"; in our case only the employer was named as the plaintiff. In our case the only named plaintiff, Merchants, is not an interested party within the meaning of the statute and is not permitted to appeal from Board awards. Merchants Fast Motor Lines, Inc. and Transport Insurance Co. are separate and distinct corporations. In our case the naming of the employer as plaintiff instead of the insurance carrier was a mistake as to the law, not a misnomer.

In *Garcia v. Employer's Casualty Co.*, 519 S.W.2d 685 (Tex.Civ.App.1975, writ ref. n. r. e.), Garcia timely sued and served the wrong defendant, Texas Employer's Insurance Association, by its right name and tardily sued and served the right defendant, Employers Casualty Co., by its right name. The court said that absent the complete summary judgment record it must be presumed that the missing citations sustain the trial court's finding that Garcia mistakenly identified, and not merely misnamed, the defendant. The cause was dismissed for want of jurisdiction as to Employers Casualty Co.

 The test for determining the identity of a cause of action for limitation purposes is:

"1) Would a recovery had upon the original bar a recovery under the amended petition? 2) Would the same evidence support both of the pleadings? 3) Is the measure of damages the same in each case? 4) Are the allegations of each subject to the same defenses?"

*Phoenix Lumber Co. v. Houston Water Co.*, 94 Tex. 456, 61 S.W. 707, 709 (1901); *Womack Machine Supply Co. of Houston v. Fannin Bank*, 499 S.W.2d 917, 919 (Tex.Civ.App. 1973, affirmed as to this question, 504 S.W.2d 827, Tex.1974); Transport does not pass this test; Merchants, being the employer, could not recover on the petition it filed.

Affirmed.