Jessie Mae EALEY, Petitioner,

v.

INSURANCE COMPANY OF NORTH AMERICA, Respondent.

No. C-1734.

Supreme Court of Texas.

July 20, 1983.

Rehearing Denied Dec. 7, 1983.

John T. McCully, Dallas, for petitioner.

Maxwell, Godwin & Carlton, Keith A. Glover, Dallas, for respondent.

SPEARS, Justice.

Pacific Employers Insurance Company (Pacific) appealed a workers' compensation award to Jessie Mae Ealey. The district court dismissed the appeal for want of jurisdiction. The court of appeals reversed the judgment of the district court and remanded the cause for trial on the merits. (Per curiam opinion unpublished pursuant to Rule 452 of the Texas Rules of Civil Procedure.) We affirm the judgment of the court of appeals.

The Industrial Accident Board (Board) granted a workers' compensation award to Ealey against Pacific on April 1, 1981. The Board stated in its Special Findings that

the insurance carrier reports the correct name of carrier as Pacific Employers Insurance Company and not Insurance Company of North America; that named carriers are of the same group and address and all parties have had due notice. Therefore, award entered herein named Pacific Employers Insurance Company as the correct carrier.

In order to appeal the Board's decision, Pacific was required to file its Notice of Intention to Appeal within twenty days of the award and then to file the suit within twenty days of filing that notice. *See* Tex. Rev.Civ.Stat.Ann. art. 8307, § 5.

Pacific is a wholly owned subsidiary of the Insurance Company of North America (INA). Claims against Pacific are handled in the same offices and by the same persons as claims against INA. Pacific decided to appeal the award to Ealey. On April 6, 1981, a Notice of Intention to Appeal was filed, correctly naming Pacific as the party intending to appeal. Two days later, however, the suit was filed naming INA, not Pacific, as the carrier against whom an award was made and as the appealing party. The original petition was otherwise accurate, correctly listing the claimant as Ealey, the date of injury, the type of injury, the name of Ealey's employer, the number and nature of the proceedings before the Board, the date of the Board's award, and the date of the Notice of Intention to Appeal.

In response to Ealey's answer and motion to dismiss, Pacific later filed a first amended original petition naming Pacific as the carrier against whom Ealey had received her award and as the appellant. Accompanying this petition was an affidavit, uncontested by Ealey, that attributed the naming of INA in the original petition to a clerical error.

The question presented is whether the limitation period governing appeals from the Board was tolled when the petition was filed. We hold that the filing of the petition stopped the running of the limitation period against the appeal of Pacific, the interested carrier.

There can be no doubt that the original petition thoroughly apprised Ealey of the specific facts and the nature of the appeal. Ealey's full awareness of the relevant circumstances is demonstrated by her answer, which stated that Pacific was the proper party to bring the action and that the petition had erroneously listed INA as the carrier against whom the award was entered. In addition, attached to her answer were copies of the Board's award and Pacific's Notice of Intention to Appeal.

Ealey nevertheless contends that the trial court's granting of her motion to dismiss the appeal was correct because Pacific did not comply with the jurisdictional requirement of filing suit within the time allowed by article 8307, § 5. She argues that Pacific's first amended petition did not relate back to the timely-filed original petition because that petition neither listed Pacific as the appellant nor correctly stated that Pacific was the interested carrier in the proceedings before the Board. We disagree.

The requirement of article 8307, § 5 that appeals from Board decisions must be filed within twenty days of giving notice of intention to appeal is a general statute of limitations. *Richards v. Consolidated Underwriters,* 411 S.W.2d 436, 437 (Tex.Civ. App.—Beaumont 1967, writ ref'd). Compliance with this requirement is necessary to invoke the district court's jurisdiction. *Id.* Consequently, when a party fails to file suit within the prescribed time, his right to appeal is lost. Conversely, an original petition filed within the limitation period stops the running of the statute against all claims asserted in that petition.

Whether Pacific's claim was asserted by the timely-filed petition in this case must be determined in light of the purpose behind statutes of limitations.

The primary purpose of a statute of limitations is to compel the exercise of a right within a reasonable time so that the opposite party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds.

*Continental Southern Lines, Inc. v. Hilland,* 528 S.W.2d 828, 831 (Tex.1975). A timely-filed petition fulfills this purpose and, accordingly, preserves a party's appeal from a Board decision when it gives fair notice of that appeal to the opposing party. In resolving the question of fair notice, we must consider the petition in its entirety and construe it as favorably as possible for Pacific, the appealing party. *Charter Oak Fire Insurance Company v. Square,* 526 S.W.2d 635, 636 (Tex.Civ.App.—Waco 1975, writ ref'd n.r.e.).

Although the original petition before us erroneously named INA as the interested and appealing carrier, it nevertheless informed Ealey of an appeal of a specific Board award in her favor. She acknowledged in her answer that INA did not even participate in the Board proceedings in this case and that her award was against Pacific, not INA as the petition mistakenly asserted. In all other matters, the petition fully, specifically, and accurately identified the nature of the appeal.

Presented with facts almost identical to the facts in this case, the court in *Sanchez v. Aetna Casualty & Surety Company,* 543 S.W.2d 888 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.), held that the running of the limitation period was tolled. In *Sanchez,* the carrier before the Board erroneously brought its appeal in the name of its parent company. The error was corrected after the time for filing suit had passed. Nevertheless, because "it was conclusively established that no one was misled or placed at a disadvantage by this error," the court concluded that the carrier had properly invoked the jurisdiction of the district court in compliance with article 8307, § 5. *Id.* at 890.

Similarly, in *Womack Machine Supply Company of Houston v. Fannin Bank,* 504 S.W.2d 827 (Tex.1974) (*Womack*), we approved a holding of the court of civil appeals (499 S.W.2d 917, 919) that the statute of limitations was tolled by the filing of a petition in which the party bringing suit had misnamed itself. In that case, as in this case, the record showed both the identity of the real party plaintiff and the defendant's knowledge of that identity. The court of civil appeals followed the reasoning given in *Wisconsin Chair Company v. I.G. Ely Company,* 91 S.W.2d 913, 914 (Tex.Civ. App.—Fort Worth 1936, no writ), in which the court stated,

"If a defendant, who has been sued under the wrong name, makes his appearance ... and such appearance serves to toll the statute of limitations, ... how can it be justly said that, where a defendant is sued in his proper name by a plaintiff, whose name is incorrectly designated, he may be heard to say that he can plead the statute of limitations against the amended petition which substitutes the properly named plaintiff?"

The court in *Charter Oak Fire Insurance Company v. Square,* 526 S.W.2d 635 (Tex. Civ.App.—Waco 1975, writ ref'd n.r.e.), was confronted with facts similar to those in *Sanchez* and *Womack* and reached the same conclusion as the courts in those cases. In that case, the Board awarded Square work-

ers' compensation benefits against Travelers Insurance Company. Travelers gave the required Notice of Intention to Appeal and then timely filed a petition naming "Charter Oak Fire Insurance Co. a/k/a Travelers Insurance Co." as plaintiff. Charter Oak was not a party to the Board proceedings and had not appeared in any way until the filing of the petition. The court held that the petition tolled the statute because the only logical explanation for the sequence of proceedings before the Board and the district court was that Travelers was "in truth and in fact" the real plaintiff. *Id.* at 637.

Ealey argues that these cases are distinguishable from this case. One Texas decision arguably supports her position. In *Transport Insurance Company v. Jaeger,* 534 S.W.2d 389 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.), the court held that the trial court properly dismissed an insurance carrier's appeal from a Board decision when the carrier filed suit only in the name of the employer. This holding, however, was based on the court's conclusion that the petition attempted to assert a claim on behalf of the employer, who was not an interested party within the meaning of the statute and therefore could not appeal a Board award. The court characterized the error in the petition as a mistake as to law, not a misnomer. *Jaeger* is therefore distinguishable from this case and the other cases we have discussed.

In this case, the erroneous naming of INA as plaintiff did not mislead Ealey or place her at a disadvantage, since it was clear from the petition and the prior proceedings that Pacific was the only carrier who could appeal, and was appealing, the Board's decision. We therefore hold that the filing of the original petition tolled the running of the limitation period against Pacific's appeal.

The judgment of the court of appeals is affirmed.

## ON MOTION FOR REHEARING

RAY, Justice, concurring.

I concur with the reasoning and result reached by the majority and agree that the motion for rehearing should be overruled. Nevertheless, it is worth pointing out that the majority's opinion is not incompatible with the Court's holding in *Commercial Standard Fire & Marine Insurance Co. v. Martin,* 501 S.W.2d 430 (Tex.Civ.App.—Texarkana 1973), *judgment modified,* 505 S.W.2d 799 (Tex.1974), and therefore, I do not believe that *Commercial Standard* has in any way been overruled.

In *Commercial Standard,* a worker's compensation claimant filed an appeal against *two* insurance carriers, one of which had been a party to the proceedings before the Industrial Accident Board and one of which had not. The court of appeals held simply that the trial court had no jurisdiction over the insurance carrier that had *not* been a party before the Industrial Accident Board and had had *no* award made against it in favor of the claimant. The decision in *Commercial Standard* was obviously compelled by elementary principles and had nothing to do with limitations or considerations of fair notice.

The case at bar is factually quite different, however, and has much to do with limitations and fair notice, concepts that simply were not relevant to the resolution of *Commercial Standard.* The holding in the present case is that the purposes of article 8307, section 5, TEX.REV.CIV. STAT.ANN., are fulfilled when a party's appeal of an Industrial Accident Board decision is timely filed and gives fair notice of that appeal to the opposing party. As long as no one is misled or placed at a disadvantage, there is no practical or logical reason why the appealing party cannot go forward with his appeal. There is certainly nothing incompatible or inconsistent between that principle and the holding in *Commercial Standard.*

The case of *Garcia v. Employers Casualty Company,* 519 S.W.2d 685 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.), on the other hand, is another matter. Unlike *Commercial Standard, Garcia* was a case involving limitations and considerations of fair

notice. In that case, a worker's compensation claimant filed an appeal within the limitations period, but against the *wrong* insurance carrier; and although the *right* insurance carrier had the same offices, officers, and telephone numbers as the *wrong* insurance carrier (so that there was very probably fair notice given to all parties), the court of appeals held that the requirements of article 8307, section 5 had not been met with respect to the *right* carrier. It is difficult to see how that holding can be reconciled with the majority holding in the present case, and therefore, I believe *Garcia* is overruled.

ROBERTSON, Justice, concurring.

I concur that the motion for rehearing should be overruled because by this opinion *Garcia v. Employers' Casualty Co.,* 519 S.W.2d 685 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.) has been overruled. Therefore the running of the statute of limitations is to be tolled for the complainant who inadvertently files a petition misnaming the insurance carrier as well as a compensation carrier who misnames itself.

KILGARLIN, Justice, dissenting.

I respectfully dissent. The majority opinion is more than judge-made law. It amounts to a judicial amendment of an act of the legislature.

Article 8307, section 5, and article 8309d, section 11, Texas Revised Civil Statutes Annotated, both read in pertinent part as follows:

Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit ... to set aside said final ruling and decision ...

\* \* \* \* \* \*

If any party to such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty (20) days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto; ...

Jessie Mae Ealey and Pacific Employers' Insurance Company were the only parties before the Industrial Accident Board in respect to Ealey's claim for workers' compensation benefits. The Board rendered an award on April 1, 1981. On April 6, 1981, Pacific Employers' gave notice of its dissatisfaction with the award and its intent to appeal. It was not until June 17, 1981, that Pacific Employers' Insurance Company brought suit. The statutory language is clear and unequivocal. When, more than twenty days after April 6, 1981, Pacific Employers' Insurance Company failed to file suit to set aside the Board's award, the award of the Board became final. The statute permits no other construction.

The majority opinion totally ignores *Commercial Standard Fire and Marine Insurance Co. v. Martin,* 501 S.W.2d 430 (Tex.Civ. App.—Texarkana 1973), *judgment modified,* 505 S.W.2d 799 (Tex.1974), wherein both this court and the court of appeals ruled that the trial court never acquired jurisdiction over a worker's compensation case because the party sued had not been a party to the proceedings before the Industrial Accident Board. The court of appeals reversed and rendered judgment in favor of that carrier. This court modified the judgment, by ordering a reversal and dismissal of the cause of action.

Also not discussed in the majority opinion is *Garcia v. Employers' Casualty Co.,* 519 S.W.2d 685 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.). In that case Employers' Casualty Company had been the party in the Industrial Accident Board. However, Garcia named Texas Employers' Insurance Association as the defendant in a suit to set aside the Board's award. The court of appeals held that Texas Revised Civil Statutes Annotated article 8307, section 5, was a general statute of limitation and compliance with its provisions was mandatory and

jurisdictional. Citing *Martin* as authority, the court of appeals held that the trial court never acquired jurisdiction over Employers' Casualty and, accordingly, the cause should have been dismissed as to that defendant.

The majority opinion does cite *Transport Insurance Co. v. Jaeger,* 534 S.W.2d 389 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.), but says that the case is distinguishable from the one at bar. The distinction, however, that the majority would make is that the employer, in whose name suit was brought to set aside the Board's award, was not an interested party within the meaning of the statute. If Jaeger's employer was not an interested party, then how can it be said that Insurance Company of North America was an interested party in the Ealey claim, when it is undisputed that Pacific Employers' was the only carrier involved in the Board proceedings.

What the majority seems to be saying is that it is all right to misname one's self, even though the misnamed party was not before the Industrial Accident Board, if no one is misled or placed at a disadvantage. While, as I have stated, I do not think this court is entitled to repeal a legislative act, if this is to become the standard of law; it ought to be applied equally. For example, in *Garcia,* Texas Employers' bore the same relationship to Employers' Casualty as does Pacific Employers' to I.N.A. T.E.I.A. had the same officers, same telephone numbers, same offices as did Employers' Casualty, and Employers' Casualty could not have been misled by service upon T.E.I.A.

I would submit that the majority is creating a double standard of law. It is all right for an insurance carrier to misname itself if no one is misled, but it is not all right for a claimant to misname an insurance carrier, even if no one is misled. While I am still of the position that the award of the Board was final before Pacific Employers' brought suit, if the majority is correct, then let us at least have the same standard for injured workers as the majority here establishes for insurance carriers.

CAMPBELL, J., joins in this dissent.