Affirmed and Memorandum Opinion filed February 24, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00243-CV

___________________

 

GROCERS SUPPLY COMPANY,
INC. A/K/A 

SOUTHWEST
REDEVELOPMENT, Appellant

 

V.

 

HARRIS COUNTY APPRAISAL DISTRICT,
Appellee



 



 

On
Appeal from the 129th District Court

Harris County,
Texas



Trial Court Cause No. 2008-57213

 



 

 

MEMORANDUM OPINION

Grocers Supply Company, Inc. a/k/a Southwest
Redevelopment appeals from the trial court’s order granting the plea to the
jurisdiction filed by Harris County Appraisal District (“HCAD”).[1]  We affirm.

I. Factual
and Procedural Background

The property
at issue is described as 3002 W. Baker Rd 1, Baytown, Texas.  By deed dated August
22, 2003, Southwest Redevelopment Corporation (“Southwest Redevelopment”) conveyed
the subject property to Grocers Supply Company, Inc. (“Grocers Supply”).  Despite
this conveyance, Southwest Redevelopment filed a notice of protest with HCAD’s
Appraisal Review Board protesting the 2008 tax assessment for the property.  On
August 15, 2008, HCAD issued an order finding the properly was unequally
appraised and lowering the value.

On September 26, 2008, Southwest Redevelopment
appealed that decision by filing an original petition in the trial court
challenging the Review Board’s determination. On December 5, 2008, Southwest Redevelopment
filed an amended petition naming as plaintiff “GROCERS SUPPLY CO INC a/k/a SOUTHWEST
REVELOPMENT.”  On January 15, 2010, HCAD filed a plea to the jurisdiction
arguing that the trial court lacked subject matter jurisdiction because Southwest
Redevelopment was not the owner of the property as of January 1, 2008, and only
the property owner had standing to appeal from the Review Board’s order.  On
January 22, 2010, Southwest Redevelopment filed a motion pursuant to Texas Rule
of Civil Procedure 28.  On March 8, 2010, the trial court granted HCAD’s plea
to the jurisdiction and dismissed the case. This appeal followed.

II.
Standard of Review

We
review a trial court’s ruling on a plea to the jurisdiction de novo. See Tex.
Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex.2004).
In our review, we construe the pleadings liberally in favor of the pleader and
look to the pleader’s intent to determine whether the facts alleged
affirmatively demonstrate the trial court's jurisdiction to hear the cause. See
id.

 

Standing
is a component of subject-matter jurisdiction that cannot be waived. Tex.
Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445-46 (Tex.1993).
If a party does not have standing, a trial court has no subject-matter
jurisdiction to hear the case. Id. at 444-45. A trial court’s
jurisdiction to hear the subject matter of a dispute may be challenged by filing a plea to the
jurisdiction. See Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554
(Tex.2000).

A
defendant may prevail on a plea to the jurisdiction by demonstrating that, even
if all the plaintiff’s pleaded allegations are true, an incurable
jurisdictional defect remains on the face of the pleadings that deprives the
trial court of subject-matter jurisdiction. Harris County Appraisal Dist. v.
O'Connor & Assocs., 267 S.W.3d 413, 416 (Tex.App.-Houston [14th Dist.]
2008, no pet.). In determining a plea to the jurisdiction, a trial court may
consider the pleadings and any evidence pertinent to the jurisdictional
inquiry. Bland, 34 S.W.3d at 554-55.

III.
Analysis

Appellant
claims that it timely amended its petition to include Grocers Supply as a party
pursuant to section 42.21(e)(1) of the Texas Tax Code and Texas Rule of Civil
Procedure 28.  Therefore, appellant contends, the trial court erred in granting
HCAD’s plea to the jurisdiction and denying its Rule 28 motion.

A. Standing

Our court and the First Court
of Appeals have recently addressed and rejected these arguments.  See
Woodway Drive L.L.C. v. Harris County Appraisal Dist., 311 S.W.3d 649 (Tex.
App. – Houston [14th Dist.] 2010, no pet.); BACM 2002 PB2 Westpark Dr. LP v.
Harris County Appraisal Dist., No. 14-08-00493-CV, 2009 WL 2145922 (Tex. App.
- Houston [14th Dist.] 2009, no pet.) (mem. op.); and GSL Welcome BP 32 L.L.C. v. Harris County Appraisal Dist.,
No. 01-10-00189-CV, 2010 WL 4484361 (Tex. App. – Houston [1st Dist.] 2010, no
pet.) (mem. op.).  We reach the same outcome here.[2] 

As a general rule, only a property owner may protest
tax liability before an appraisal-review board and seek judicial review in
court. Tourneau Houston, Inc. v. Harris County Appraisal Dist., 24
S.W.3d 907, 909 (Tex.App.-Houston [1st Dist.] 2000, no pet.). Section 42.21(a)
of the Property Tax Code requires a party who appeals as provided by Chapter 42
of the Property Tax Code to timely file a petition for review with the district
court. Failure to timely file a petition bars any appeal under the chapter. Tex.
Tax Code Ann. § 42.21(a) (Vernon Supp. 2009). Section 42.01 of the Tax Code
specifies that a property owner is entitled to appeal an order of the appraisal
review board determining a protest by the property owner as provided by sections
41.41 et seq. of the Property Tax Code. Id. § 42.01(1)(A).
Alternatively, a property owner may designate a lessee or an agent to act on
the property owner's behalf for any purpose under the Property Tax Code,
including filing a tax protest. Id. §§ 1.111 (Vernon 2008) (authorizing
a designated lessee or agent to act for a property owner), 41.413(b) (Vernon
2008) (authorizing a lessee to protest for the property owner in certain
circumstances).

Therefore,
to qualify as a “party who appeals” by seeking judicial review of an
appraisal-review board's tax determination under section 42.21(a), appellant
had to be an owner of the property, a designated agent of the owner, or the
authorized lessee of the property under the circumstances stated in section
41.413. A party who does not meet one of the above criteria would
lack standing under the Property Tax Code. BACM, 2009 WL 2145922, at *3.
If the litigant lacks standing, the trial court is deprived of subject-matter
jurisdiction to consider a suit for judicial review based on an ad valorem tax
protest. Id.

Here, Southwest Redevelopment did not own the
property as of January 1, 2008. It did not claim rights to protest under the
Property Tax Code as either a lessee or an agent. Therefore, Southwest Redevelopment
lacked standing to pursue judicial review as a “party who appeals” under section
42.21(a). The record does not reflect that Grocers Supply pursued its right of
protest as the actual property owner. According to the record, Grocers Supply was
not named as a party until December 5, 2008, when a First Amended Original Petition
was filed. Therefore, the Review Board had not determined a protest by the
actual property owner, Grocers Supply, upon which it would then premise a right
to appeal as the property owner. See Tex. Tax Code Ann. §§ 42.01(1)(A), 42.21(a);
BACM, 2009 WL 2145922, at *4.

B. Application of Section 42.21(e)(1)

Appellant also contends the
trial court had jurisdiction because section 42.21(e)(1) allows amendment of a
timely filed petition “to correct or change the name of a party.” See Tex.
Tax Code Ann. § 42.21(e)(1) (Vernon Supp. 2009); BACM, 2009 WL 2145922,
at *5. We disagree, for the same reasons announced in BACM.

Section 42.21(e) specifies that only petitions that
are “timely filed under Subsection (a) or amended under Subsection (c)” may
later be amended to correct or change a party’s name.[3]
See Tex. Tax Code Ann. § 42.21(e)(1). To seek judicial review under
Subsection (a), the plaintiff must be a “party who appeals as provided by
[Chapter 42],” meaning the plaintiff must be the property owner, a properly
designated agent, or a lessee. Id. § 42.21(a).

Southwest Redevelopment filed a timely appeal;
however, it did not own the property on January 1, 2008, and thus lacked
standing to seek judicial review. See BACM, 2009 WL 2145922, at *5.
Appellant's argument that subsection 42.21(3)(1) operates to allow it to
correct or change the party's name presupposes that Grocers Supply was a proper
party entitled to seek judicial review. Id. However, Grocers Supply did
not pursue its right to protest as the property owner. When no proper party
timely appealed to the district court, the trial court did not acquire subject
matter jurisdiction, and the Review Board’s determination became final. See id. 
Appellant’s reliance upon Womack Machine Supply Co. v. Fannin Bank,
499 S.W.2d 917 (Tex. Civ. App. – Houston [14th Dist.] 1973, rev’d on other
grounds, 504 S.W.2d 827 (Tex. 1974), and Ealey v. Insurance Co.
of North Am., 660 S.W.2d 50 (Tex. 1983), is therefore misplaced.  See
GSL Welcome BP 32 L.L.C., 2010 WL 4484361, at *5-6.  

C. Application of Texas Rule of Civil Procedure 28

Appellant
also argues that the trial court had jurisdiction to hear the case because Texas
Rule of Civil Procedure 28, which governs suits by or against entities doing
business under an assumed name, permits substitution of Grocers Supply as Southwest
Redevelopment’s “true name.” Rule 28 states:

Any partnership, unincorporated association, private
corporation, or individual doing business under an assumed name may sue or be
sued in its partnership, assumed or common name for the purpose of enforcing
for or against it a substantive right, but on a motion by any party or on the
court's own motion the true name may be substituted.

Tex. R. Civ. P. 28.

In
this case, Southwest Redevelopment attempted to substitute its purported “true
name,” Grocers Supply, by filing an amended original petition and arguing Rule
28 permitted the substitution. For a party to take
advantage of Rule 28 and sue in its common name, there must be a showing that
the named entity is in fact doing business under that common name. Seidler
v. Morgan, 277 S.W.3d 549, 553 (Tex.App.-Texarkana 2009, pet. denied).
Whether an entity does business under an assumed or common name is a question
of fact for the trial court. Sixth RMA Partners, L.P. a/k/a RMA Partners,
L.P. v. Sibley, 111 S.W.3d 46, 52 (Tex.2003).

Appellant did not make a showing that Grocers Supply
was in fact doing business under the common name Southwest Redevelopment, nor
was there evidence that Grocers Supply used Southwest Redevelopment as a common
name to warrant application of Rule 28. Compare Sixth RMA Partners, 111
S.W.3d at 52 (concluding evidence supported assumed-name finding when Sixth RMA
presented evidence that RMA Partners, L.P. was used as trade name for various
RMA partnerships, RMA letterhead was used, and payments on notes were made to
RMA) and Chilkewitz v. Hyson, 22 S.W.3d 825, 829 (Tex.1999) (stating
some evidence supported application of Rule 28 when stationery and phone-number
listing used by one-person professional association contained name of
individual).[4] 

IV. Conclusion

For the reasons set forth above, appellant’s issues
are overruled.  We find the trial court did not err in granting appellee’s plea
to the jurisdiction and affirm the trial court’s judgment.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices
Brown, Boyce, and Jamison.

 









[1] Appellant's pleadings and
notice of appeal identify both HCAD and the Harris County Appraisal Review
Board as defendants. Because the record does not indicate that the Appraisal
Review Board was served or appeared in the suit and it was not a necessary party,
HCAD is the only appellee properly before this court. See BACM 2002 PB2 Westpark Dr. LP v. Harris County Appraisal
Dist., 14-08-00493-CV, 2009 WL 2145922 at *1, n. 1 (Tex.App.-Houston [14th
Dist.] 2009, no pet.) (mem. op.).





[2] See also Woodway Drive
LLC v. Harris County Appraisal Dist., No. 14-09-00524-CV, 2010 WL 724174
(Tex.App.-Houston [14th Dist.] Mar. 4, 2010, no pet.) (mem. op.); Scott
Plaza Assoc., Ltd. v. Harris County Appraisal Dist., No. 14-09-00707-CV,
2010 WL 724189 (Tex.App.-Houston [14th Dist.] Mar. 4, 2010, no pet.) (mem.
op.); SWP Remic Prop. II LP v. Harris County Appraisal Dist., No.
14-08-00425-CV, 2010 WL 26524 (Tex.App.-Houston [14th Dist.] Jan. 7, 2010, no
pet.) (mem. op.); Skylane West Ltd. v. Harris County Appraisal Dist.,
No. 14-08-00507-CV, 2009 WL 4913256 (Tex.App.-Houston [14th Dist.] Dec. 22,
2009, no pet.) (mem. op.); DL Louetta Village Square LP v. Harris County
Appraisal Dist., No. 14-08-00549-CV, 2009 WL 4913259 (Tex.App.-Houston
[14th Dist.] Dec. 22, 2009, no pet.) (mem. op.).







[3] Appellant does not argue
that Subsection (c) applies to this case.





[4] Although appellant cites
HCAD’s records that reflect Southwest Redevelopment as the property owner even
after the property sale, HCAD’s records alone are not sufficient to establish
Grocers Supply operated its business under the common name of Southwest
Redevelopment. See KM-Timbercreek, LLC v. Harris County Appraisal Dist.,
312 S.W.3d 722, 731 (Tex.App.-Houston [1st Dist.] 2009, no pet.) (stating that
only Timbercreek could establish whether it operated its business under an
assumed or common name). There is no evidence that Grocers Supply held itself
out as Southwest Redevelopment or requested HCAD refer to it as Southwest
Redevelopment in its records. See id.