Affirmed and Opinion filed June 2, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00198-CV

___________________

 

SUNBLIK, INC.,
Appellant

 

V.

 

HARRIS COUNTY APPRAISAL DISTRICT,
Appellee



 



 

On
Appeal from the 113th District Court

Harris County,
Texas



Trial Court Cause No. 2007-62027

 



 

 

MEMORANDUM OPINION

Sunblik, Inc. appeals from the trial
court’s order granting the plea to the jurisdiction filed by Harris County
Appraisal District (“HCAD”).[1] 
We affirm.

I. Factual and Procedural Background

The property
at issue is described as 11460 East Freeway 74, Houston, Texas 77029.  By deed
dated February 5, 2004, Blinks Investment, Inc. (“Blinks”) conveyed the subject
property to Sunblik, Inc. (“Sunblik”).  Despite this conveyance, Blinks filed a
notice of protest with HCAD’s Appraisal Review Board protesting the 2007 tax
assessment for the property.  On August 10, 2007, HCAD issued an order finding
the property appraisal was incorrect and lowering the value.

On October 2, 2007, Blinks appealed that decision by
filing an original petition in the trial court challenging the Review Board’s
determination.  On December 16, 2009, HCAD filed a plea to the jurisdiction
arguing that the trial court lacked subject matter jurisdiction because Blinks was
not the owner of the property as of January 1, 2007, and only the property
owner had standing to appeal from the Review Board’s order.  On December 23,
2009, Blinks filed an amended petition naming as plaintiff “Sunblik, Inc”   and
a motion pursuant to Texas Rule of Civil Procedure 28.  On February 8, 2010,
the trial court granted HCAD’s plea to the jurisdiction and dismissed the case.
This appeal followed.

II. Standard of Review

We
review a trial court’s ruling on a plea to the jurisdiction de novo. See Tex.
Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex.2004).
In our review, we construe the pleadings liberally in favor of the pleader and
look to the pleader’s intent to determine whether the facts alleged
affirmatively demonstrate the trial court's jurisdiction to hear the cause. See
id.

Standing
is a component of subject-matter jurisdiction that cannot be waived. Tex.
Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445-46 (Tex.1993).
If a party does not have standing, a trial court has no subject-matter
jurisdiction to hear the case. Id. at 444-45. A trial court’s jurisdiction
to hear the subject matter of a dispute may be challenged by filing a plea to the
jurisdiction. See Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554
(Tex.2000).

A
defendant may prevail on a plea to the jurisdiction by demonstrating that, even
if all the plaintiff’s pleaded allegations are true, an incurable
jurisdictional defect remains on the face of the pleadings that deprives the
trial court of subject-matter jurisdiction. Harris County Appraisal Dist. v.
O'Connor & Assocs., 267 S.W.3d 413, 416 (Tex.App.-Houston [14th Dist.]
2008, no pet.). In determining a plea to the jurisdiction, a trial court may
consider the pleadings and any evidence pertinent to the jurisdictional
inquiry. Bland, 34 S.W.3d at 554-55.

III. Analysis

Appellant
claims that it timely amended its petition to cure a misnomer and to include Sunblik
as a party pursuant to section 42.21(e)(1) of the Texas Tax Code and Texas Rule
of Civil Procedure 28.  Therefore, appellant contends, the trial court erred in
granting HCAD’s plea to the jurisdiction and denying its Rule 28 motion.

A. Standing

Our court and the First Court
of Appeals have addressed and rejected these arguments.  See Woodway Drive
L.L.C. v. Harris County Appraisal Dist., 311 S.W.3d 649 (Tex. App. –
Houston [14th Dist.] 2010, no pet.); BACM 2002 PB2 Westpark Dr. LP v. Harris
County Appraisal Dist., No. 14-08-00493-CV, 2009 WL 2145922 (Tex. App. - Houston
[14th Dist.] 2009, no pet.) (mem. op.); and GSL
Welcome BP 32 L.L.C. v. Harris County Appraisal Dist., No. 01-10-00189-CV,
2010 WL 4484361 (Tex. App. – Houston [1st Dist.] 2010, no pet.) (mem. op.).  We
reach the same outcome here.[2]


As a general rule, only a property owner may protest
tax liability before an appraisal-review board and seek judicial review in
court. Tourneau Houston, Inc. v. Harris County Appraisal Dist., 24
S.W.3d 907, 909 (Tex.App.-Houston [1st Dist.] 2000, no pet.). Section 42.21(a)
of the Property Tax Code requires a party who appeals as provided by Chapter 42
of the Property Tax Code to timely file a petition for review with the district
court. Failure to timely file a petition bars any appeal under the chapter. Tex.
Tax Code Ann. § 42.21(a) (Vernon Supp. 2009). Section 42.01 of the Tax Code
specifies that a property owner is entitled to appeal an order of the appraisal
review board determining a protest by the property owner as provided by sections
41.41 et seq. of the Property Tax Code. Id. § 42.01(1)(A).
Alternatively, a property owner may designate a lessee or an agent to act on
the property owner's behalf for any purpose under the Property Tax Code,
including filing a tax protest. Id. §§ 1.111 (Vernon 2008) (authorizing
a designated lessee or agent to act for a property owner), 41.413(b) (Vernon
2008) (authorizing a lessee to protest for the property owner in certain
circumstances).

Therefore,
to qualify as a “party who appeals” by seeking judicial review of an appraisal-review
board's tax determination under section 42.21(a), appellant had to be an owner
of the property, a designated agent of the owner, or the authorized lessee of
the property under the circumstances stated in section 41.413. A party who does
not meet one of the above criteria would lack standing under
the Property Tax Code. BACM, 2009 WL 2145922, at *3. If the litigant
lacks standing, the trial court is deprived of subject-matter jurisdiction to
consider a suit for judicial review based on an ad valorem tax protest. Id.

Here, Blinks did not own the property as of January
1, 2007. It did not claim rights to protest under the Property Tax Code as
either a lessee or an agent. Therefore, Blinks lacked standing to pursue
judicial review as a “party who appeals” under section 42.21(a). The record
does not reflect that Sunblik pursued its right of protest as the actual
property owner. According to the record, Sunblik was not named as a party until
December 23, 2009, when a First Amended Original Petition was filed. Therefore,
the Review Board had not determined a protest by the actual property owner, Sunblik,
upon which it would then premise a right to appeal as the property owner. See
Tex. Tax Code Ann. §§ 42.01(1)(A), 42.21(a); BACM, 2009 WL 2145922, at
*4.

B. Application of Section 42.21(e)(1)

Appellant also contends the
trial court had jurisdiction because section 42.21(e)(1) allows amendment of a
timely filed petition “to correct or change the name of a party.” See Tex.
Tax Code Ann. § 42.21(e)(1) (Vernon Supp. 2009); BACM, 2009 WL 2145922,
at *5. We disagree, for the same reasons announced in BACM.

Section 42.21(e) specifies that only petitions that
are “timely filed under Subsection (a) or amended under Subsection (c)” may
later be amended to correct or change a party’s name.[3]
See Tex. Tax Code Ann. § 42.21(e)(1). To seek judicial review under
Subsection (a), the plaintiff must be a “party who appeals as provided by
[Chapter 42],” meaning the plaintiff must be the property owner, a properly
designated agent, or a lessee. Id. § 42.21(a).

Blinks filed a timely appeal; however, it did not own
the property on January 1, 2007, and thus lacked standing to seek judicial
review. See BACM, 2009 WL 2145922, at *5. Appellant's argument that
subsection 42.21(3)(1) operates to allow it to correct or change the party's
name presupposes that Sunblik was a proper party entitled to seek judicial
review. Id. However, Sunblik did not pursue its right to protest as the
property owner. When no proper party timely appealed to the district court, the
trial court did not acquire subject matter jurisdiction, and the Review Board’s
determination became final. See id.  Appellant’s reliance upon Womack
Machine Supply Co. v. Fannin Bank, 499 S.W.2d 917 (Tex. Civ. App. – Houston
[14th Dist.] 1973, rev’d on other grounds, 504 S.W.2d 827 (Tex. 1974),
and Ealey v. Insurance Co. of North Am., 660 S.W.2d 50 (Tex.
1983), is therefore misplaced.  See GSL Welcome BP 32 L.L.C., 2010 WL
4484361, at *5-6.  

C. Application of Texas Rule of Civil Procedure 28

Appellant
also argues that the trial court had jurisdiction to hear the case because Texas
Rule of Civil Procedure 28, which governs suits by or against entities doing
business under an assumed name, permits substitution of Sunblik as Blinks “true
name.” Rule 28 states:

Any partnership, unincorporated association, private
corporation, or individual doing business under an assumed name may sue or be
sued in its partnership, assumed or common name for the purpose of enforcing
for or against it a substantive right, but on a motion by any party or on the court's
own motion the true name may be substituted.

Tex. R. Civ. P. 28.

In
this case, Blinks attempted to substitute its purported “true name,” Sunblik,
by filing an amended original petition and arguing Rule 28 permitted the
substitution. For a party to take advantage of Rule 28 and
sue in its common name, there must be a showing that the named entity is in
fact doing business under that common name. Seidler v. Morgan, 277
S.W.3d 549, 553 (Tex.App.-Texarkana 2009, pet. denied). Whether an entity does
business under an assumed or common name is a question of fact for the trial
court. Sixth RMA Partners, L.P. a/k/a RMA Partners, L.P. v. Sibley, 111
S.W.3d 46, 52 (Tex.2003).

Appellant did not make a showing that Sunblik was in
fact doing business under the common name Blinks, nor was there evidence that Sunblik
used Blinks as a common name to warrant application of Rule 28. Compare Sixth
RMA Partners, 111 S.W.3d at 52 (concluding evidence supported assumed-name
finding when Sixth RMA presented evidence that RMA Partners, L.P. was used as
trade name for various RMA partnerships, RMA letterhead was used, and payments
on notes were made to RMA) and Chilkewitz v. Hyson, 22 S.W.3d 825, 829
(Tex.1999) (stating some evidence supported application of Rule 28 when stationery
and phone-number listing used by one-person professional association contained
name of individual).[4] 

IV. Conclusion

For the reasons set forth above, appellant’s issues
are overruled.  We find the trial court did not err in granting appellee’s plea
to the jurisdiction and affirm the trial court’s judgment.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Anderson,
Brown, and Christopher.

 









[1] Appellant's pleadings and
notice of appeal identify both HCAD and the Harris County Appraisal Review
Board as defendants. Because the record does not indicate that the Appraisal
Review Board was served or appeared in the suit and it was not a necessary party,
HCAD is the only appellee properly before this court. See BACM 2002 PB2 Westpark Dr. LP v. Harris County Appraisal
Dist., 14-08-00493-CV, 2009 WL 2145922 at *1, n. 1 (Tex.App.-Houston [14th
Dist.] 2009, no pet.) (mem. op.).





[2] See also Woodway Drive
LLC v. Harris County Appraisal Dist., No. 14-09-00524-CV, 2010 WL 724174
(Tex.App.-Houston [14th Dist.] Mar. 4, 2010, no pet.) (mem. op.); Scott
Plaza Assoc., Ltd. v. Harris County Appraisal Dist., No. 14-09-00707-CV,
2010 WL 724189 (Tex.App.-Houston [14th Dist.] Mar. 4, 2010, no pet.) (mem.
op.); SWP Remic Prop. II LP v. Harris County Appraisal Dist., No.
14-08-00425-CV, 2010 WL 26524 (Tex.App.-Houston [14th Dist.] Jan. 7, 2010, no
pet.) (mem. op.); Skylane West Ltd. v. Harris County Appraisal Dist.,
No. 14-08-00507-CV, 2009 WL 4913256 (Tex.App.-Houston [14th Dist.] Dec. 22,
2009, no pet.) (mem. op.); DL Louetta Village Square LP v. Harris County
Appraisal Dist., No. 14-08-00549-CV, 2009 WL 4913259 (Tex.App.-Houston
[14th Dist.] Dec. 22, 2009, no pet.) (mem. op.).







[3] Appellant does not argue
that Subsection (c) applies to this case.





[4] Although appellant cites
HCAD’s records that reflect Blinks as the property owner even after the
property sale, HCAD’s records alone are not sufficient to establish Sunblik operated
its business under the common name of Blinks. See KM-Timbercreek, LLC v.
Harris County Appraisal Dist., 312 S.W.3d 722, 731 (Tex.App.-Houston [1st
Dist.] 2009, no pet.) (stating that only Timbercreek could establish whether it
operated its business under an assumed or common name). There is no evidence
that Sunblik held itself out as Blinks or requested HCAD refer to it as Blinks
in its records. See id.